### STATE OF TEXAS v. THOMAS O'CONNOR.

#### No. 1193. Decided May 4, 1903.

**1.—Case Followed—Judgment—Jurisdiction—Statute Expiring by Its Terms.**

The rulings in Texas Mex. Railway Company v. Jarvis, 80 Texas, 456, approved and followed, viz: (1) Suit under the Act of February 11, 1860, for adjudicating certain claims for land against the State (Acts, 1860, chap. 78, 4 Gammel's Laws, 1471) was a special proceeding authorized by the statutes to be instituted against the State, and the district court had no authority except to proceed in the manner prescribed in the act. (2) Such law of 1860, which alone authorized the proceeding, expired by its own limitations in 1865, and in 1872 there was no law in existence which authorized such proceedings. (3) The district court had no equity power conferred upon it by which it could, after the expiration of the term, set aside (in 1872) its judgment, rendered under such Act of 1860, in 1862. (Pp. 488-490.)

**2.—Same—Void Judgment.**

Plaintiff having sued in the District Court of Webb County, under the Act of February 11, 1860, to establish a claim for land against the State, and judgment being rendered in said suit in 1862, brought suit in the same court in 1872 to set aside that judgment and confirm his claim against the State, and obtained judgment therefor. Held, that such latter judgment was void, and the judgment of 1862 was valid and subsisting. (P. 490.)

**3.—Same—Legislative Confirmation.**

The Act of April 4, 1881, confirming titles to land recovered in suits brought under the Act of February 11, 1860, but not finally adjudicated until after such act expired by its limitation of three years, did not apply to or validate a judgment by suit commenced in 1872, setting aside a judgment in 1862 adverse to plaintiff, and establishing his claim against the State. The latter action was an independent proceeding, not falling within the terms of the validating statute of 1881, which was limited in its operation to recoveries in suits commenced within three years from the passage of the Act of 1360. (Pp. 490, 491.)

**4.—Removal of Causes—Foreign Citizen Against State.**

An action by the State against a citizen of a foreign State is not removable to the Federal court under the Act of Congress of August 13, 1888.  (P. 492.)

**5.—Estoppel—Recitals in Judgment.**

Parties to judgments are not estopped by the recital therein of incidental facts not involved in the issues nor necessary to their determination.  (P. 492.)

**6.—Commission of Appeals—Authority of Opinions.**

The unapproved opinions of the Commission of Appeals are not authoritative.  (P. 489.)

**7.—Stare Decisis—Authority of Opinion.**

The opinions of the Supreme Court are authoritative upon issues presented in the case and determined by the court, though the determination was not necessary to the decision which was rendered.  (Pp. 489, 490.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

The State sued O'Connor for the recovery of land and obtained a judgment, which, on defendant's appeal, was reversed and rendered in his favor.  The State then obtained writ of error.

*C. K. Bell,* Attorney-General, for plaintiff in error.—On March 27, 1891, the Supreme Court, through Chief Justice Stayton, rendered an opinion in the case of Texas-Mexican Railway Company v. Jarvis, 80 Texas, 460, in which they reviewed the proceedings of the District Court of Webb County and disposed of all the contentions of the defendant in error, O'Connor, with reference to the validity of the judgment of 1872.

It is true, as stated by the Court of Civil Appeals in the opinion rendered in this case, that it was not necessary to the determination of the case just referred to that the Supreme Court should have passed upon this question; but the fact remains that they did so.  Evidently it was the purpose of the Supreme Court to overrule the doctrine announced in the case of Kennedy v. Jarvis, supra, so that it might be known that the State had not parted with the title to the land attempted to be appropriated by Ruggles.

If the decision in the case of Texas-Mexican Railway Company v. Jarvis, supra, announces the correct doctrine, there can be no question but that the judgment of the Court of Civil Appeals was erroneous, and this was evidently the view of the writer of the opinion in this case, but the court thought that as the Supreme Court in the Jarvis case, supra, had not referred to the Act of April 4, 1881, in terms, the decision of that case was not binding as an announcement of the law on the subject to which it related.

It is true the court in the Jarvis case does not in express terms direct attention to or discuss the effect of the Act of April 4, 1881, but that enactment was called to the attention of the court in the brief which was filed in the case, and if the judgments of 1872 had been validated by the Act of 1881, there would have been no occasion for the Supreme Court to

have in any way discussed the effect of the judgments of 1872. And as it is never presumed that a court will do a vain thing, it must therefore be clear that the Supreme Court did not consider that the Act of April 4, 1881, validated the judgments of 1872. At any rate, the only question now for the consideration of this court, as it appears to the writer of this petition, is as to the effect of the Act of April 4, 1881, upon the judgments of the District Court of Webb County of 1872.

This act (of April 4, 1881) may, with advantage, be considered from several standpoints.

First. As applied to this case, the preamble states the object of the act and limits it to suits which were not finally adjudicated until after the expiration of three years from the date of the Act of 1860. The judgment in which it was determined that Ruggles was not entitled to a confirmation of the title to the lands sued for in this case was rendered on January 8, 1862, and consequently within the three years during which the law of 1860 was to remain effective. This clearly shows that the Legislature could not have had in mind the case instituted by Ruggles and which had actually gone to trial and been finally disposed of in 1862.

Second. The act only ratified judgments when the suits to establish the title had been instituted under the Act of 1860 within three years from the passage of the same. The suit which was instituted in 1872, in the District Court of Webb County, was an independent suit. It was so treated by the court and referred to in the judgment. Cause No. 14 had been tried and disposed of over ten years before the new suit was instituted and Cause No. 11 had been dismissed for want of jurisdiction by the District Court of Webb County, over a year before the new suit was instituted.

The new suit could in no sense be understood as a motion for a new trial. "After the adjournment of the term of court at which a final judgment is rendered such judgment is no longer subject to the control of the trial court, and after such adjournment a new trial can not be granted no matter what may be urged in its favor. If the party complaining has been prevented by fraud, accident or mistake from making his defense his only remedy is by a new suit to reopen the case, and such has all the characteristics of an independent action." Eddleman v. McGlathery, 74 Texas, 280.

Third. By the Act of 1881 it was only intended to validate a judgment when the proper district court had finally confirmed the title. The Act of 1870 was the law in force at the time of the rendition of the pretended judgment of 1872, and that law expressly conferred exclusive jurisdiction upon the District Court of Travis County in suits for confirmation of titles, hence the District Court of Webb County was not a proper district court in which a final confirmation could have been had.

Fourth. The Act of 1881 was intended to ratify judgments confirming title where the only defect in the judgment was that the judgments

were not rendered until after the expiration of the time within which such suits were required by the law of 1860, as amended by the Act of 1862, to be finally disposed of. It was not intended to ratify judgments which were void for other reasons. The judgment of 1872 was void independently of the question of the right of the District Court of Webb County to entertain the action, because the district attorney was not authorized to represent the State in the litigation. The Act of 1870 had expressly conferred that authority upon the Attorney-General, and the judgment of 1872 shows upon its face that the district attorney assumed to represent the State in that case.

Fifth. It can not be supposed that the Legislature intended to validate a void judgment which would give those who had secured it three times as much land as they were entitled to. If the judgment of 1872 is valid those claiming under it will hold the entire Palafox grant and also the entire Balconcitas tract, which will be four times as much land as the owners of the Galan grant were entitled to.

*H. G. Dickinson,* for defendant in error.—The judgment of the District Court of Webb County of March 13, 1872, is a valid judgment, or at least an irregular or voidable judgment, and as such can not be impeached by the State of Texas in this collateral proceeding. Act of Legislature of Texas of Feb. 11, 1860 (Gammel's Laws of Texas, vol. 4, p. 1471) ; Act of Legislature of Texas of Jan. 11, 1862 (Gammel's Laws of Texas, vol. 5, p. 568) ; Act of Legislature of Texas of Aug. 15, 1870 (Gammel's Laws of Texas, vol. 6, p. 378) ; Kennedy v. Jarvis, 1 S. W. Rep., 191; Plummer v. Power, 29 Texas, 14; Johnson v. Templeton, 60 Texas, 238; Fetter on Equity, 12, 13; Black on Interp. of Laws, 204, 220, 307.

The decision of the Supreme Court of Texas in the case of Kennedy v. Jarvis, 1 S. W. Rep., 191, holding that the judgment of the District Court of Webb County of March 13, 1872, is a valid judgment, was necessary in order to adjudicate the issue in that case, and thereby becoming a rule of property, should be maintained under the doctrine of stare decisis; and it should be sustained in preference to the decision of the same court in the case of the Texas-Mexican Railway Co. v. Jarvis, 80 Texas, 457, holding that said judgment is void, because the latter decision was not necessary to the adjudication of the issues involved, and was therefore obiter dictum.

By the Act of April 4, 1881, the State of Texas, acting in her sovereign capacity, validated the judgment of the District Court of Webb County of March 13, 1872, in all things wherein it may have been defective, if it was defective, and released and relinquished all her right, title and interest to the lands embraced in said judgment, and granted the same to those claiming and holding thereunder, whereby the State is now estopped and forever barred from denying the validity of said judgment and from setting up any claim to said lands. Turner v. Rogers, 38 Texas, 583; McLaughlin v. Commissioners, 7 S. C., 375; The

Proprietors of Enfield v. Permit, 5 N. H., 280; St. Paul, M. & M. Railway Co. v. Greenhalgh, 26 Fed. Rep., 563; Alexander v. State, 56 Ga., 478; Walpole v. Elliott, 18 Ind., 258.

If the judgment of March 13, 1872, is a void judgment and has not been validated by the Act of April 4, 1881, then it follows that the judgment of January 8, 1862, of the District Court of Webb County in the cause entitled Daniel Ruggles v. The State of Texas, is a valid judgment and is binding upon the State as party to the same and upon the defendant in error as a privy thereto; and the recital in said judgment of any fact essential to its rendition or without the proof of which it could not have been rendered, is, as to all parties and privies thereto, conclusive evidence of the existence of such fact. Texas-Mex. Railway Co. v. Jarvis, 80 Texas, 475; Watson v. Hopkins, 27 Texas, 637; Swearingen. v. Glenn, 34 Texas, 243; Foster v. Wells, 4 Texas, 101; Lee v. Kingsbury, 13 Texas, 68; Tadlock v. Eccles, 20 Texas, 783; Hatch v. Garza, 22 Texas, 176; Cook v. Burnley, 45 Texas, 97.

A suit by a State against a nonresident alien defendant can be removed by the defendant from the state court to the Circuit Court of the United States when the matters in dispute in said suit exceed in value the sum of two thousand dollars, exclusive of costs. State v. Lewis, 14 Fed. Rep., 65; Id., 12 Fed. Rep., 1.

The judgment of the District Court of Webb County of January 8, 1862, in the cause entitled Daniel Ruggles v. The State of Texas, was introduced in evidence and relied upon by both parties to this suit; the court in that case having jurisdiction of the parties and the subject matter, the recital in said judgment of any fact essential to the rendition of the judgment or without the proof of which it could not have been rendered, is conclusive evidence against the parties to the judgment of the existence of such fact. Texas-Mex. Railway Co. v. Jarvis, 80 Texas, 457; Watson v. Hopkins, 27 Texas, 637; Swearingen v. Glenn, 34 Texas, 243; Foster v. Wells, 4 Texas, 101; Lee v. Kingsbury, 13 Texas, 68; Tadlock v. Eccles, 20 Texas, 783; Hatch v. Garza, 22 Texas, 176; Cook v. Burnley, 45 Texas, 97; Burford v. Rosenfield, 37 Texas, 42; Fristoe v. Blum, 92 Texas, 76.

BROWN, Associate Justice.—On the 5th day of February, 1901, the Attorney-General of the State of Texas instituted this suit against O'Connor in the District Court of the Twenty-sixth District in Travis County to recover from him 19,410 acres of land described in the plaintiff's petition and situated in Webb County. The facts of the case are stated by the Court of Civil Appeals as follows:

"The evidence established the fact, that, under the law of 1860, Daniel Ruggles instituted two suits in the District Court of Webb County for the confirmation of the title to two large tracts of land, one of which was designated as the Palafox tract, and the other as the Balconcitas tract. The suit for the confirmation of the Palafox tract came to trial on the 8th day of January, 1862, and resulted in a judgment in favor of

Ruggles for the confirmation of the title to a large tract of land, the southwestern boundary of which was six leagues of 5000 varas each from the western bank of the Rio Grande and parallel with it. In 1869, a motion was filed by Ruggles, seeking a construction and modification of the decree of the 8th of January, 1862, but it was overruled. In 1871 the other suit, the one for the Balconcitas tract, was dismissed by the court for want of jursdiction. In 1871 Ruggles made a motion to redocket the two cases, which was granted; and, at the same time, he filed a petition in which he sought to have the decree of 1862 set aside, and have a confirmation of the title to both the Palafox and Balconcitas tracts, but on the 8th day of March, 1872, these motions were refused. On March 12, 1872, Ruggles filed in the same court another petition, seeking to set aside the decree of the 8th of January, 1862. The court set aside the decree and consolidated the motions. On the 13th of March, 1872, Ruggles filed an amended petition, in which he sought a confirmation of the title to both tracts, and upon which judgment was rendered in favor of Ruggles on the 13th of March, 1872.

"The land which was covered by the decree of confirmation of 1862 was patented to Ruggles, and the State has not, in any way, questioned the validity of that judgment or of the title of those claiming under Ruggles, to the land. The land sued for in this case is located entirely on that portion of the land which the court in its decree of 1862 declined to confirm in favor of Ruggles, but it is included within that which purports to have been confirmed to him by the decree of March 13, 1872."

Upon a hearing before the court judgment was given in favor of the State of Texas for the recovery of the land, which judgment was by the Court of Civil Appeals reversed and judgment there rendered in favor of O'Connor, from which last judgment this writ of error was granted.

The validity of the judgment entered by the District Court of Webb County on the 13th day of March, 1872, in the case of Ruggles v. The State under which defendant in error claims, has heretofore been twice before this court. In the case of Kennedy v. Jarvis, 1 S. W. Rep., 191, the Commission of Appeals reported to the Supreme Court an opinion in which that judgment was held to be valid, but the Supreme Court expressly declined to approve of that opinion, and subsequently, in the case of Texas-Mexican Railway Company v. Jarvis, 80 Texas, 456, the question was decided by the Supreme Court, holding that judgment to be void. In the latter case the court, speaking by Chief Justice Stayton, said: "In the case of Kennedy v. Jarvis, 1 S. W. Rep., 191, on the judgment now in question, a contrary rule was announced by the Commission of Appeals, but this court declined to express any opinion upon the question and affirmed the judgment of the court below upon some ground not stated." The unapproved opinions of the Commission of Appeals are not authoritative expressions of the court.

It is claimed that a determination of the question was not necessary to the decision of the Railway Company v. Jarvis, and that the opinion

in that case is not authority upon the issue as now presented. It is true that the case then before the court might have been disposed of without passing upon the validity of the judgment, but the issue arose upon the facts and was presented to and decided by the court. It is frequently the case that a court discusses and decides questions presented which might be omitted in a final determination of the case, but that does not affect the weight of the opinion as authority. We follow the case of Railway Company v. Jarvis, because of its authoritative character, and because we unqualifiedly approve of the conclusion reached by the court upon this question.

In Railway Company v. Jarvis, above cited, Chief Justice Stayton announced principles which controlled in the determination of the question then and are equally applicable now. That opinion rests upon the following propositions of law:

1. It was a special proceeding authorized by the statutes to be instituted against the State, and the District Court had no authority except to proceed in the manner prescribed by the Act of 1860.

2. The law of 1860, which alone authorized the proceeding, expired by its own limitations in 1865, and, at the date of the judgment relied upon by defendant in error, there was no law in existence which authorized the proceeding to be had in that court.

3. The District Court under the Act of 1860 had no equity power conferred upon it by which it could after the expiration of the term set aside its judgment of February 8, 1862.

There can be no doubt that the judgment of the District Court of Webb County, of March 13, 1872, was void, nor that the judgment rendered by that court in the former case on the 8th day of January, 1862, was a valid and subsisting judgment, but counsel for O'Connor claims that the judgment of March 13, 1872, was validated by the following section of the Act of 1881:

"Section 1. Be it enacted by the Legislature of the State of Texas: That, whereas, many suits to confirm land titles for land between the Nueces and Rio Grande rivers were brought within three years from and after the passage of the Act of February 11, 1860, and in compliance with the terms thereof, but, owing to the war and other causes, were not finally adjudicated until after such three years had expired; and, whereas, the Commissioner of the General Land Office has refused to issue patents for titles not confirmed within such three years; and, whereas, it is just and equitable that parties who, in good faith and diligence, have attempted to comply with the terms of said act, should receive the full benefit thereof; therefore, the Commissioner of the General Land Office is hereby authorized and required to issue patents to all lands between said rivers, when suits to establish same under said act have been commenced within three years from the passage of same, and when the proper district court has finally confirmed such titles."

This is a remedial statute, and if the judgment of 1872 is embraced in the spirit of that act we must sustain the judgment of the Court of

Civil Appeals. The spirit of the law is "the intent, the real meaning" of the Legislature, to be ascertained from the language used. From the language of the law it is manifest that the Legislature did not intend to validate all judgments that might have, been entered by any district court confirming titles of the character now in question. We must therefore look to the terms of the statute to see if the judgment of 1872 is embraced within the purpose and meaning of the Legislature as expressed in that law, which prescribed that the judgment to be validated must have been entered in a suit that was begun in the District Court of the county where the land was situated within three years from the 11th day of February, 1860. The suit in which the judgment in question was entered was an independent proceeding commenced in the year 1872, many years after the time limited by the law of 1860 for the commencement of such actions. Goss v. McClaren, 17 Texas, 107. The law also prescribed that the judgment to be validated must have been entered after the expiration of the three years in a suit wherein the matter had not been finally adjudicated within the time prescribed. The judgment under which O'Connor claims title was entered after the expiration of the three years, but, in the original suit, commenced within the time prescribed by the Act of 1860, final judgment was entered in 1862. At the date of the last judgment the law of 1860 had expired by its own terms and another law was enacted by the Legislature in 1870 conferring exclusive jurisdiction in such cases upon the District Court of Travis County, hence the judgment set up in this case was not entered in a proper district court as required by the Act of 1881. That judgment did not set aside the judgment of 1862.

The judgment of 1872 is not embraced in the terms of the validating law, but is excluded by the specific designation of the judgments which the Legislature intended to make valid. It could not be validated by the Act of 1881 unless that law had the effect to set aside and annul the judgment rendered in 1862, otherwise there would be two antagonistic judgments operating at the same time upon the same subject. There is no language in the act which would justify such a conclusion.

We conclude that the judgment entered by the District Court of Webb County in 1862 is a valid and subsisting judgment and determined the rights of Ruggles in the land in controversy; that the subsequent judgment entered by the said court was void in every particular in so far as it affects the land sued for, being without power or authority of law, and that the Court of Civil Appeals erred in reversing the judgment of the District Court and in entering judgment for defendant in error. It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and that the judgment of the District Court be in all things affirmed, and that the State of Texas recover the costs of the Court of Civil Appeals and of this court against the defendant in error Thomas O'Connor.

*Judgment of Court of Civil Appeals reversed. Judgment of District Court affirmed.*

### ON MOTION FOR REHEARING.

Defendant in error sought to remove this case to the United States Circuit Court upon the ground that he was, at the time the suit was instituted "an alien and the subject of the United Kingdom of Great Britain and Ireland, and a resident of the State of Tamaulipas in the Republic of Mexico." The application for removal was properly denied. The Act of Congress of the United States passed on the 13th day of August, 1888, prescribed the ground for removal of causes which is applicable to the facts of this case to be a controversy "between citizens of a State and foreign States, citizens or subjects." Texas is not a citizen of a State, therefore does not come within the terms of the statute. Postal Tel. Cable Co. v. Alabama, 155 U. S., 487.

O'Connor insists that the State of Texas is estopped by the recitals in the decree of the District Court of Webb County entered on the 8th day of March, 1862, in the suit by Daniel Ruggles v. State of Texas, that the government of Spain "gave and donated the land above and below the said town (Palafox) to settlers of the same in the form and shape of porciones." It is claimed that the recital is sufficient to establish an outstanding title as against the State. It is a settled rule of law that to operate as an estoppel against a party to a judgment the decision must be of a fact directly involved in and necessary to the determination of the issue presented to the court. Black on Judg., sec. 611; Horten v. Hamilton, 20 Texas, 610; Lewis & Nelson Appeal, 67 Pa. St., 153. The proceeding in that case presented the issue to the court that Daniel Ruggles claimed title to the land by virtue of a grant made by the Spanish government to some person from whom Ruggles derived his title, and this fact being established, another issue arose, which was, that after making the grant the Spanish government in the exercise of its sovereign power expropriated or condemned the land and thereby restored it to the ownership of the government.

The incidental question which is presented by the recital in the judgment, that after resuming the title to the land the Spanish government made a donation of a part of it to other parties, neither tends to support the title asserted by Ruggles nor to defeat the claim by the State that the government had extinguished that title by the legitimate exercise of its power, therefore, the recital is of an immaterial fact which derives no force from being stated in the judgment.

The motion for rehearing is therefore overruled.

Opinion filed June 8, 1903.