**BAKER v. MOODY et al.**

No. 14365.

United States Court of Appeals
Fifth Circuit.

May 29, 1953.

Petitions for Rehearing Denied July 29, 1953.

Morris I. Jaffe, Corenbleth, Thuss & Jaffe, Dallas, Tex., for appellant.

Harold B. Sanders, Dallas, Tex., for appellee George Myer.

Clifford S. Dillard and Lee Shipp, Dallas, Tex., for appellee Ben E. Moody, Sr.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal from a summary judgment, entered on the motion of defendants for a judgment on the pleadings, presents the single question whether the defenses of *res judicata* and estoppel by former judgment were as matter of law made out on the face of the pleadings.

The appellant is here insisting that there was no basis in law or in fact for the judgment and that it must be reversed, while the appellees insist that it was soundly based and must be affirmed.

We think it clear that the record furnishes no basis whatever for the judgment.[1] On this record we find it difficult

1. This is the record. Based upon allegations of fraud and misrepresentation, plaintiff's suit was for damages resulting therefrom. As set out in, and by, his pleadings, his claim in substance was: that plaintiff and defendants had been engaged in certain activities in the oil industry; and that as the result of fraud and misrepresentation on the part of defendants in connection therewith, as fully and definitely pleaded, plaintiff had sustained large and serious losses in the amount of $136,361.94 for which, plus exemplary damages and attorneys fees, aggregating in all $171,361.94, he sued.

Defendants answered this petition denying all of the charges of fraud and misrepresentation and alleging that they had not in any way defrauded or damaged plaintiff, but, on the contrary, as the result of his dealings with defendants, plaintiff had already profited greatly and would in future profit more.

In addition, they filed motions for judgment for failure of plaintiff to state a claim on which motions, treated as motions for summary judgment, the judgment appealed from was granted.

In and by these motions, to which were attached as exhibits the pleadings, the judgment and a deposition taken in an earlier suit between the same parties in the same court in cause No. 4472, defendants pleaded as *res judicata* of, and as an estoppel to maintain, this suit, the filing of and the judgment in said suit, the appeal from which said judgment is pending in the Court of Appeals for the Fifth Circuit, 204 F.2d 916.

In reply to these motions, plaintiff urged that the motions filed were not well taken; that they asserted affirmative defenses and the questions raised by them could not be settled by affidavits but require proof; and there were material facts asserted by the parties hereto which require proof so that the determination of the issues raised could not be made without hearing evidence thereon.

As a second defense, plaintiff, referring to the pleadings and judgment in the former suit attached as exhibits to defendants' motions, and pointing out the precise nature of the prior suit as disclosed therein, and of the recovery sought and obtained in it, urged that as appeared on the face of the pleadings and the judgment and as would and could be shown by proof, the two suits were entirely different and the judgment in the former suit was not and could not be either *res judicata* of, or estoppel as to, this suit.

to understand the theory on which the judgment below was based. In so far as the oral opinion of the district judge furnishes a clue to his judgment, it seems to be that the Court was of the opinion that, because, at the time the first suit was tried, plaintiff knew of the causes of action which he asserts in his second suit, he became obligated to join those with the first suit or be barred from suing upon them. This theory, as the opinion further developed it, seeems to be that, though the two suits were different, one in contract and one in tort, though the tracts of land were different, though, in short, the controversies were different, simply because the parties were the same and because plaintiff did not bring both of his causes of action to trial in the same suit; he had estopped himself from filing and going forward with this suit.

As the Courts have stated them numberless times but with great uniformity, the principles of *res judicata* and those of estoppel by judgment are well understood. It would be of no advantage to cite cases dealing with or to discuss at length the principles controlling here. It is sufficient to quote from 26 Texas Jurisprudence at page 204:

"In order for a prior judgment to operate as an estoppel * * * it must be made to appear that the matter in the second suit, as to which the estoppel is claimed to exist, was within the issues proper to be determined in the first suit, or was presented and actually determined in the course of deciding those issues. If this was not the case, the judgment will not bar a re-examination of the issue in the second proceeding, because an adjudication on a matter that was not before the Court cannot have any binding effect."

and from the Texas Commission of Appeals in Davis v. First National Bank of Waco, 139 Tex. 36, 161 S.W.2d 467, 472, 144 A.L.R. 1:

"The principle of conclusiveness of judgment or estoppel by judgment is thus stated in O'Connor v. State, 96 Tex. 484, 492, 73 S.W. 1041, 74 S.W.

899: 'It is a settled rule of law that, to operate as an estoppel against a party to a judgment, the decision must be of a fact directly involved in and necessary to the determination of the issue presented to the court.'"

A basic decision on *res judicata* is Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195. Nothing in it, nothing in any other case, citing or referring to it, that we have found or have been referred to, furnishes any support to, or in any way sustains the judgment appealed from. It is, therefore, reversed and the cause is remanded for further and not inconsistent proceedings.