## CHURCH v. WESTERN FINANCE CORPORATION. (No. 8313.)

Court of Civil Appeals of Texas. San Antonio. Dec. 18, 1929.

Joseph A. Dickey and W. C. Williams, both of San Antonio, for appellant.

Dielmann & Forster and Gus B. Mauermann, all of San Antonio, for appellee.

SMITH, J. On June 17, 1926, F. R. Sherman and wife executed their promissory note, payable 60 days after its date, to A. K. Church, in the sum of $250, securing payment thereof by a chattel mortgage upon their household furniture.

And two months later, on August 16, 1926, the Shermans executed their promissory note, payable 90 days after its date to C. E. Wurzbach, for $280, securing its payment by their

chattel mortgage upon the same furniture. Wurzbach, the payee, promptly transferred this note and mortgage to Western Finance Corporation.

Both mortgages were duly filed for record in the county clerk's office. The Shermans defaulted in the payment of both at maturity.

On March 17, 1927, Western Finance Corporation filed this suit to recover upon its note, and to foreclose the chattel mortgage. This suit was prosecuted by the receiver of said corporation. Coincident with the commencement of the suit the plaintiff procured issuance of writ of sequestration against the mortgaged furniture, and the writ was placed in the hands of the sheriff for execution, but levy thereunder was avoided by an agreement made between the two mortgagees that the furniture be stored with a local warehouseman, the Scobey Fireproof Storage Company, pending adjudication, in the court below, of the respective rights of the two mortgagees. The property was accordingly placed in storage with said warehouse company. Subsequently Church, the other mortgagee, filed his plea of intervention praying for judgment on the note he held, less a credit of $50, and for foreclosure of his lien, and that his lien be declared superior to that of the plaintiff, Western Finance Corporation.

It appears from the record that one John P. Forrest was the agent and attorney in fact for appellant, Church, who is a nonresident of the state, and represented him in all the transactions involved, and for Church made the agreement with the Finance Corporation, whereby the furniture was placed in storage. In an amended pleading, the Finance Corporation impleaded Forrest as a party defendant.

It further appears that during the pendency of the suit the furniture lay in storage, but no one paid the storage charges thereon, and finally the warehouse company proceeded under the warehouseman statutes to advertise and sell at auction the furniture for accrued storage charges, which, with the costs incident to the sale, aggregated $110.55. Notices of this sale were mailed in due course to the mortgagor and the two mortgagees. At this sale the property in controversy was bought in by Forrest at the price of $350, which was paid to the warehouseman, who retained $110.55 to cover the charges, and deposited the balance of $159.85 with the county clerk, as provided by law.

Upon a trial without a jury, the trial judge rendered judgment in favor of the Finance Corporation against F. R. Sherman for $355.87, with foreclosure of the corporation's mortgage lien upon the furniture in controversy, as against all the other parties to the suit, and adjudging the Finance Corporation's lien to be "superior to the warehouseman's lien in favor of Scobey Fireproof Storage Company and to the title acquired by defendant John P. Forrest, at the sale by Scobey Fireproof Storage Company of the property covered by said (Finance Corporation's) chattel mortgage, for storage." An order of sale was decreed, and it was further ordered that, "if the property cannot be found, or the proceeds of such sale be insufficient to satisfy this judgment, then to make the money for any balance remaining unpaid, first, out of any property of the defendants John P. Forrest and A. K. Church to the extent of the amount received by intervener A K. Church (through the defendant Forrest) from the County Clerk of Bexar County amounting to the sum of $159.85, as in the case of ordinary execution." The costs were adjudged against Sherman, Forrest, and Church.

■ There appears to have been no evidence introduced by either party warranting the judgment rendered. So far as that evidence goes, it shows the Church chattel mortgage to be prior to appellee's in date of execution, delivery, and registration, and, the two liens thereby created being otherwise equal in dignity, the prior lien attained superiority over its junior.

It appears, however, that, after all the evidence offered by the parties was in, and after the conclusion of the trial on March 5, and apparently on the date of the rendition of judgment, March 9, the trial judge called in counsel for appellants, Church and Forrest, and appellee Finance Company, and, upon his own motion, in the presence of counsel, but over the protest of appellants, ordered the following entry to be incorporated into, and made a part of, the statement of facts in the case:

"On April 26, 1928, the intervener, A. K. Church, by and through his agent and representative, the defendant John P. Forrest, wrote a letter to Jack R. Burke, County Clerk, of Bexar County, Texas, stating that the note and mortgage securing the same, which had been executed by the defendants, F. R. Sherman and wife, payable to intervener Church, and being the note sued upon herein by the intervener Church, and dated June 17, 1926, had been satisfied in full, and said County Clerk was requested to release said mortgage, which was on file. That after the receipt of said letter and request of the intervener Church, said County Clerk paid to the defendant Forrest, for the intervener Church, the amount which had been paid to said Clerk by the Scobey Fireproof Storage Co., on December 15th, 1927, said sum being $159.85."

It must be assumed that the judgment rendered was founded upon the facts or conclusions contained in that entry, as otherwise there is no basis in the record for that judgment.

It is apparent from the record that the trial judge obtained the facts embraced in said en-

try from private, or at least undisclosed, sources, after the evidence was closed and the trial concluded. They were not adduced from witnesses testifying in the case, or from documents on file, or in evidence in the case, nor was the letter referred to in the entry placed in evidence, or exhibited to the parties or their counsel. It does not even appear whether the trial judge's construction of its contents was from actual inspection of the letter, or from ex parte statements of others, of its contents. Obviously, the other facts stated in said entry were obtained by the court from ex parte statements of undisclosed witnesses. In a qualification of the bill of exceptions concerning this transaction the trial judge excuses his action in ordering said entry made in the statement of facts by this statement:

"The intervener, A. K. Church, intervened in this suit seeking to recover judgment against the defendants F. R. Sherman and wife in the sum of $250, together with interest and attorney's fees, upon a note executed by said defendants on June 17, 1926, payable to intervener, and secured by a chattel mortgage lien on the property upon which plaintiff sought a foreclosure of lien. The trial of this case was begun on March 4, 1929, and judgment was rendered and entered on March 9, 1929. Between said respective dates, and prior to the rendition and entry of the judgment herein, I learned that on April 26, 1928, long prior to the date of the filing of said intervention herein, by the said Church, the said intervener, by and through his agent and representative, the defendant John P. Forrest, wrote a letter to Hon. Jack R. Burke, County Clerk of Bexar County, and the clerk of this court, stating that the note (being the note sued upon herein by intervener) had been satisfied in full and requesting a release of the chattel mortgage securing the same; that at said aforesaid time said clerk, upon demand and request of said defendant Forrest, acting for and upon behalf of his principal, intervener Church, paid to said defendant Forrest the sum of $159.85, being the amount which the Scobey Fireproof Storage Company had theretofore deposited with said clerk as the amount remaining of the proceeds of the sale of said property for storage charges thereon. Upon ascertaining said above facts, and prior to the rendition of the judgment herein, I informed counsel for the defendant Forrest, intervener Church and plaintiff of said facts, and in open court, and in the presence and hearing of said counsel, dictated said facts to the official shorthand reporter of this court with the request that same be made a part of the record in this case. After having learned of said facts, I considered it both my duty and privilege, in the interest of fairness and justice, to have said facts made a part of the record in this case, notwithstanding, as contended by intervener Church, that no plea of payment, satisfaction or release had been filed by the defendants Sherman and wife (who made default) and plaintiff. To have done otherwise would have permitted intervener Church to recover judgment upon an obligation which had been satisfied in full and would also have permitted the foreclosure of a lien on property although such lien had been discharged and canceled."

As stated, appellant strenuously objected to the court's action in placing said entry into the statement of facts. And, when the court overruled this objection and made the order, appellant asked permission of the court to put Forrest, the author of the letter, in question, and Burke, the county clerk to whom it was addressed and delivered, and who presumably still had custody of it, upon the stand, and prove by them that said letter "written by Forrest to Burke was not an absolute release of said chattel mortgage and was not intended as such; that it was understood and agreed between said Forrest and said Burke that said letter was to operate as a release of said chattel mortgage and a satisfaction of said note upon the condition and in the contingency only that it should be finally determined that said intervener A. K. Church were entitled to a foreclosure of his said chattel mortgage and to the said sum of $159.85, delivered to said Forrest, for said Church, by said Burke; that said note had not been paid or satisfied but was to be considered as paid and satisfied, and said chattel mortgage released only upon the contingency that it should be finally determined that said intervener Church were entitled to a foreclosure of his said chattel mortgage; that said letter was delivered to said Burke for the protection of said Burke in the event that it should be finally determined that said Church was not entitled to said sum of $159.85, and in which event, should said Church refuse to return said sum of $159.85 to said Burke, said Burke was to file said letter in the official records of his office, and same was, in that event, and in that event only, to become an absolute release, and operate as a full satisfaction of said note and full payment thereof; that said letter was not filed in the office of said Jack R. Burke, County Clerk, but was kept among his private papers and in full accord with the understanding and agreement between said John P. Forrest and said Jack R. Burke."

The court, however, "denied intervener the right to make said proof, or to produce said evidence," and the incident was closed, the entry was made in the statement of facts, and judgment was rendered upon the facts embraced in said entry. In explaining his rejection of the proffered testimony, the trial judge appended this qualification to the bill of exceptions:

"The substance of the evidence tendered, as set forth in the foregoing bill of exception, was stated to me and by me held to be insuffi-

cient and incompetent as proof in behalf of intervener with reference to the matters involved; therefore was refused a place in the record."

We conclude that the judgment must be reversed on account of the action of the court in considering and rendering judgment upon the facts set up in the said entry, and in incorporating the same into the statement of facts. The high motives which moved the learned trial judge to this action are most commendable, of course. But, in determining the rights of litigants who have submitted their controversy to a court of justice, the trial judge, in the absence of agreement of the parties, may consider only such evidence as has been adduced in open court while the parties or their counsel are present and have full opportunity to inspect the evidence, if documentary, and examine and cross-examine witnesses concerning any other facts to be elicited. In this instance the evidence put into the record and considered by the court as conclusive of the rights of the parties was obtained by the trial judge upon his own motion, not in open court, but outside of the courtroom, and, in the absence of the parties, from a document not in evidence, and from ex parte statements of witnesses not put upon the stand and sworn to testify in the case, or subject to examination or cross-examination by the parties. Obviously such evidence could not properly be considered by the court for any purpose, and a judgment based wholly or in the smallest part thereon cannot be permitted to stand. This is particularly true where, as in this case, one of the parties protested against the procedure, and sought, but was denied, the privilege of proving by designated witnesses the true facts concerning the transaction disclosed by the trial judge's investigation and covered by the forced entry in the statement of facts.

The judgment is reversed, and the cause remanded.