### FORREST v. WESTERN FINANCE CORPORATION.
### No. 8738.

Court of Civil Appeals of Texas. San Antonio.

Feb. 10, 1932.

Rehearing Denied March 9, 1932.

Joseph A. Dickey, of San Antonio, for appellant.

Dielmann & Forster, of San Antonio, for appellee.

FLY, C. J.

This is a suit on a promissory note executed by F. R. Sherman and wife to C. E. Wurzbach in the sum of $280, and to foreclose a chattel mortgage on household furniture. This is a second appeal, the case on former appeal being Church v. Western Finance Corporation (Tex. Civ. App.) 22 S.W.(2d) 1074.

There is no statement of facts, but there are conclusions of fact by the trial judge, to which no exceptions were taken, and this court adopts the conclusions.

The conclusions follow:

"On June 17, 1926, defendants F. R. Sherman and wife, Alice I. Sherman, executed and delivered to A. K. Church, intervener herein, their promissory note in the principal sum of $250, payable sixty days after date, bearing interest at the rate of 8 per cent. per annum from its date, and an additional sum of $20 as attorney's fees, secured by a chattel mortgage lien on certain household furniture and also by 'B. & M. L. Sub. $3,600. 1st. 2nd. $350.00 and H. H. Goods.' This mortgage was duly filed for record June 25, 1926; $50 has been paid on the principal of said note.

"Thereafter, on August 16, 1926, said defendants F. R. Sherman and wife, Alice I. Sherman, executed and delivered to C. E. Wurzbach, their promissory note in the principal sum of $280, payable ninety days from its date, without interest and an additional sum of 10 per cent. of the principal as attorney's fees, secured by a chattel mortgage of even date therewith on the same household furniture, above mentioned; this note and mortgage was prior to maturity, and, in due course of trade, sold and assigned to plaintiff, Western Finance Corporation; said plaintiff was placed in the hands of a receiver, who, since the filing of this suit, became the plaintiff herein. This mortgage was duly filed for record August 18, 1926. Clifford M. Forster was appointed as the receiver of the said Western Finance Corporation.

"At the instance of plaintiff, a writ of sequestration was issued herein on the 17th day of March, A. D. 1927, but by and on account of an agreement being made by and between plaintiff the defendant John P. Forrest and intervener, Church (the said intervener acting therein by and through his agent and attorney in fact, defendant John P. Forrest), said writ of sequestration was not executed, and said furniture securing said respective

debts was placed in the Scobey Fireproof Storage Company warehouse, said furniture having been thus placed in said warehouse, by virtue of said agreement entered into by and between plaintiff, defendant Forrest, and intervener, Church. Under the terms of said agreement, said furniture was to be kept in said warehouse until the priority of liens between the mortgagees could be determined.

"Neither plaintiff, intervener, nor defendant John P. Forrest paid the storage charges on said furniture, and said Scobey Fireproof Storage Company, after due notice on November 10, 1927, foreclosed its prior lien and sold said furniture. Defendant John P. Forrest, purchased said furniture at said sale, paying therefor the sum of $350, being the reasonable market value of said furniture at the time of the sale thereof. Said furniture is still in the possession of defendant John P. Forrest. Said defendant thereby converted said furniture to his own personal use and benefit.

"After said storage, advertising, and auctioneer's charges were paid, there remained the sum of $159.85 out of the proceeds of said sale. Said sum thus remaining was paid by the said storage company to the county clerk of Bexar county, Tex., on December 5, 1927. Thereafter, on the ———— day of May, 1928, the said intervener, A. K. Church, acting by and through his agent and attorney in fact, defendant John P. Forrest, one of the defendants herein, withdrew said deposit of money. Thereafter, on the 12th day of March, 1929, said sum of money, which had thus been withdrawn, was repaid to the said county clerk by the intervener, Church, who was represented by the defendant Forrest; and thereafter, on the 3d day of September, 1930, said county clerk paid said sum of $159.85 to W. C. Williams, the attorney for record for the defendant F. R. Sherman.

"There is due and owing on the note sued upon by plaintiff herein the principal sum of $280, attorney's fees of $28, together with interest at the rate of 6 per cent. per annum from the 2d day of July, 1931.

"There is due intervener, Church, on the note sued upon by him herein the principal sum of $200 and attorney's fees of $20 and interest on said amount of principal and attorney's fees, at the rate of 8 per cent. per annum, from June 17, 1926.

"Defendant John P. Forrest violated his said trust regarding the storage of said furniture until the priority of liens could be determined; with full knowledge of said agreement and trust, the said defendant John P. Forrest, while such trustee purchased said furniture, individually, and in addition thereto, received, for and upon behalf of intervener, A. K. Church, from the said county clerk, the said sum of $159.85, which sum had been deposited with said clerk by said storage company as balance of proceeds of the sale to said defendant John P. Forrest of said furniture."

The judgment is against Sherman for $280, on the promissory note, with attorney's fees. He has not appealed, appellant alone prosecuted this appeal, and did not make Sherman a party in the appeal.

 The judgment against appellant was based on the finding of the court that he had converted the property on which the chattel mortgage had been given. He complains that there was error in rendering judgment against him as well as against Sherman, but that complaint is overruled. If there had been any error in the double judgment, appellant has no ground of complaint. He converted the property, and is liable, and Sherman has not complained of the judgment, and appellant has no ground upon which to base a complaint. He appropriated the property which had been mortgaged to secure the debt, and he should pay that debt. The evidence showed a complete disregard of the rights of appellee by appellant. None of the propositions are well taken, and they are all overruled.

The judgment is affirmed.