**HOLLINGSWORTH v. KOHLER et ux.**

**No. 2681.**

Court of Civil Appeals of Texas.

Tenth District. Waco.

June 13, 1946.

Doyle Pevehouse and A. V. McCall, both of Corsicana, for appellant.

C. L. Milburn, of Corsicana, for appellees.

LESTER, Chief Justice.

This suit involved the care and custody of a minor child, in which the parents, Max and Juanita Kohler, S. S. Hollingsworth and Ruth Stewart et vir., are all contending that they are entitled to the possession of said child. The trial began on October 6, 1945, and was concluded on the 29th day of January, 1946. The material part of the judgment entered in the case by the trial court is as follows:

"Be it remembered, that heretofore and on the 6th day of October, 1945, at a regular term of this Court, the above numbered and entitled cause came on in regular order of trial, and thereupon came the Relator, S. S. Hollingsworth, in his own proper person and by his Attorney of Record, Doyle Pevehouse, and the Respondents, Max Kohler, and his wife, Juanita Kohler, and Richard Stewart and his wife, Ruth Stewart, appeared in their proper persons and by their Attorney of Record, C. L. Milburn, and with the Respondents came the minor child, Jo Ann Kohler, and all parties announced ready for trial; and the Court having heard the pleadings read, the evidence presented and the argument of counsel, stated in open court that he was not then satisfied from the evidence what judgment to enter and that the matter would be referred to the Child Welfare Division of the Texas State Department of Public Welfare for investigation and recommendation to the Court.

"And be it further remembered, that thereafter, and on January 29, 1946, at the regular Term of said Court as extended by order duly filed and entered, it was announced by the Judge of this Court that the investigation requested by him of the Child Welfare Division of the Texas State Department of Public Welfare had been made, evidence submitted to him, and recommendation of said Department as to the best interest of said minor child duly considered; that the recommendation of said Department was that the custody of the said minor child be awarded to the natural parents, Max Kohler and his wife, Juanita Kohler; that the evidence submitted to substantiate said recommendation was of a strictly confidential nature and would not be incorporated into the record, but would be made available by the Department to the Court of Appeals, if desired; and the Court having considered the pleadings, the evidence and the argument of the counsel in the case and the report of said investigation and recommendation of the Child Welfare Division of the Texas State Department of Public Welfare, was of the opinion that the best interests of the minor child involved in this suit, Jo Ann Kohler, will be subserved by placing her custody in the Respondents, Max Kohler and his wife, Juanita Kohler;

"It is therefore ordered, adjudged and decreed that the care, custody and control of said minor child, Jo Ann Kohler, for the present and until the further order of this Court, be and the same is hereby awarded to the Respondents, Max Kohler and his wife, Juanita Kohler, to be reared, maintained and educated by them."

Appellant's bill of exception No. 1 includes the objections of appellant to the actions of the court during the trial of said cause, to-wit: After the evidence was completed on the first hearing, which was held on October 6th, the court, after commenting upon the welfare of the child and the qualifications of the various applicants for the custody of the same to some length, continued as follows: "I am going to find that Sam Hollingsworth is fit and qualified to have the custody of this child, and I am going to hold in abeyance a finding upon the others. I am going to immediately refer this case to the State Welfare Department at Austin for investigation as to the home surroundings of Mr. and Mrs. Kohler. If the home surroundings are found to be fit and proper by the Welfare Department, the child will be given back to its natural parents. Unless such recommendations come forth from the Welfare Department, the child will be given to Mr. Hollingsworth; so the decision will be held in abeyance until that time. In the meantime the child will be paroled to Mr. and Mrs. Stewart, where I find it."

After the report was made by the Welfare Department the court stated:

"At the termination of the evidence at the trial heretofore held on October 6, 1945, the court was not satisfied with the evidence and referred the entire matter to the Department of Public Welfare of the State of Texas for investigation and recommendation. As a result of the reference, the Department has made a very careful and minute study of the situation and has submitted the evidence secured by it and its recommendation in the case and the court has gone over the evidence submitted and the Department's recommendation and

has determined to follow the recommendation of the Department.

"I might say that all of the parties litigating here, one as much as the other, I think are interested in the future welfare of this little girl, and I know they are all of one accord in seeing that a correct decision be made.

"The evidence submitted by the Department, gentlemen, is confidential. It would not be made public without injury to all of the parties concerned. For that reason it will not be read into nor incorporated in the record, but it will be available at all times for the Court of Appeals in the event the case is appealed.

"Based upon the recommendation of the Welfare Department and the court's own conviction, it is directed that the child be re-delivered to its natural parents and the Sheriff will see that the order is carried out."

Appellant's bill of exception No. 1 included the following objection: "That the court's judgment entered was based upon the report and recommendation made by the Department of Public Welfare, the evidence in the case and the court's conviction and belief, but such report and recommendation was not tendered by the court as part of the evidence in the trial court, over objections of appellant Hollingsworth, and said appellant was thereby deprived of the right to know the contents thereof or what individual of said Department made such report, which was considered by the court but was not introduced in evidence."

He further objected to the failure of the court to introduce said report as a part of the record in the cause, upon the ground that it prejudiced the rights of the appellant Hollingsworth, in that he had no opportunity to avail himself of the contents of said report or to cross-examine the maker of the report, or to meet or disprove said report by evidence.

■ We realize that in cases of this kind the trial court is given broad equitable powers in making disposition of minor children, and in support of the court's discretion in cases of this nature appellees cite the case of Williams v. Guynes et al., reported in Tex. Civ.App., 97 S.W.2d 988, 989. The facts in that case reveal that the father and mother of the child were divorced and some years later a habeas corpus proceeding was brought by the father to re-litigate the care and custody of their minor child. After all the evidence had been heard, and after the court had refused to allow the minor child to testify in the case, the trial court announced that he would talk to the child, took the child out of the hearing of the parties, and ascertained from her her ideas and views as to where she would rather live, with appellant and his people, or with appellee, her mother and her stepfather. No objection was made at the time by appellant to the court's expressed intention to talk to the child nor at the time the court took the child aside to talk to her. Also, after the evidence was closed, the trial court stated that he wanted to make a further investigation of the matter and of the parties and their homes and their abilities to care for the child. The evidence shows that with the knowledge and consent of appellant, or with knowledge of the expressed intention of the court, appellant acquiesced, the court had the chief juvenile officer of Dallas county to make investigation as to matters above stated and to make to the court a written report, which the juvenile officer did. The court held: "The habeas corpus proceedings had for their purpose the determination of the proper person to whom the custody of the minor child should be given. The proceedings are necessarily informal. It is the right and duty of the trial court to ascertain any and all the facts and to make such investigation of conditions which in his judgment will assist him in reaching a proper solution of the child's problems. Technical rules of practice are not to have controlling effect. The controlling issue on the merits is which custodian is for the child's best interest. The pleading in such cases is considered of little importance, and the judge exercising the jurisdiction of a chancellor has broad equitable powers." (Citing cases).

Appellees also cite Tunnell v. Reeves, Tex.Com.App., 35 S.W.2d 707, 709, opinion by Justice Sharp, in which he said: "The writ of habeas corpus is used in this state as a form of procedure for the purpose of litigating questions as to the proper cus-

tody of children and ascertaining what would be to the best interests of the child, to society and to the state, and is addressed to the equity powers of the court, and the power is given to the courts to make the change as a remedial right. The trial judge sits as a court of chancery, exercising broad equitable power, and the rules regulating the exercise of that power are and should be liberally construed. He should hear all legitimate testimony bearing upon the question, unhampered by narrow technical rules."

We are sure the action taken by the court below was prompted solely by a desire to do that which would result to the best interest of the child, and such zeal on the part of the court is highly commendable; but we believe he went far beyond narrow technicalities when he considered the report of the Welfare Department and based his judgment in part upon the same, especially since the litigants were deprived of the right to know the character of the evidence incorporated therein, who had given it and under what circumstances it was given. The litigants were further deprived of the right to examine under oath the one who made the report, the witnesses who gave the information to the investigator. They had no opportunity to determine the source of their knowledge of the facts given, or to test their credibility, their biases or prejudices or the weight to be given to such evidence. Such procedure deprives a litigant of his day in court. As an illustration, the court in this case found that Hollingsworth was a suitable person to have the custody of said child and stated that the court would give the custody to Hollingsworth in the event the Welfare Department did not recommend that it be returned to the Kohlers. So the Welfare Department made a private report to the court, recommending that the child be returned to the Kohlers, and the court adopted said recommendation and followed it in entering his judgment in this case. Hollingsworth lost his case without knowing what evidence he had lost on, and without an opportunity of rebutting it. 25 T. J. 480; 24 Tex.Dig., Judgment, ☞19; Church v. Western Finance Corporation, Tex.Civ. App., 22 S.W.2d 1074, 1075.

We agree with the court that the law presumes that the best interests of a child will be subserved by letting it remain with its natural parents. However, the presumption is not irrebuttable, and the evidence creates an issue. Therefore, upon another trial, unless the legal evidence shows that the parents are disqualified to have the custody of said minor, viewed from the standpoint of the highest interest of said child, then it will be the duty of the court to award its care and custody to its parents. Greenlaw v. Dilworth, Tex.Com. App., 299 S.W. 875; Duckworth v. Thompson, Tex.Com.App., 37 S.W.2d 731; Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241; Binion v. Mathis, Tex.Civ.App., 171 S.W.2d 512.

By reason of such error, the judgment of the trial court is reversed and the cause remanded.