SPARKS v. GANDY et ux.

No. 4516.

Court of Civil Appeals of Texas. Beaumont.

July 15, 1948.

Adams & Browne, of Beaumont, for appellant.

J. R. McDougald, of Beaumont, for appellees.

COE, Chief Justice.

The appellant, E. W. Sparks, brought this suit in the District Court of Jefferson County, Texas against S. O. Gandy and wife, Irene Gandy, in the nature of a habeas corpus proceeding in which he sought the care and custody of his minor child, Donna Kay Sparks, a girl approximately three years of age. The appellees, S. O. Gandy and wife, answered by way of exceptions and a plea of res judicata, alleging that the question of the care, custody and control of said minor child had previously been heard and determined by judgment entered in cause No. 17487-C, which was a judgment entered by the same Court (but a different Judge) that tried this cause, in which case the appellant E. W. Sparks sought to recover the care and custody of the minor child here involved against the appellees, S. O. Gandy and wife, in which judgment the care and custody of said minor child was awarded to the appellees, S. O. Gandy and wife. He further alleged that the judgment fixed the status of the Gandys as being proper and fit persons to have the care, custody and control of the minor child, and was binding in all respects unless appellant should allege and prove such change of circumstances and conditions since the entry of the previous judgment as would warrant the Court in making a change in its care, custody and control, whereupon the appellant filed an amended petition wherein he alleged certain changed conditions since the entry of the former judgment on August 8, 1946, as would warrant the Court in awarding the care, custody and control of said minor child to appellant. The case proceeded to trial whereupon the appellant presented his evidence in chief and rested, and then the appellees presented their evidence in chief and rested. At this point the trial judge announced that he did not want to hear any further evidence and that he was going to refer this case to the Child Welfare Agency in Beaumont for a complete

and up-to-date report on the appellant and the appellees, and further stated: "I want a report filed in this Court with me. I want it made by the Jefferson County Welfare Agency and the Tarrant County Welfare Agency. I have already notified Miss Maxwell to make that," to which action of the Court the appellant took exceptions. Thereafter on the 19th day of August, 1947 Miss Maxwell filed an unsworn report concerning the parties hereto. Thereafter on September 12, 1947, the Court entered its judgment adopting the report of August 19, 1947 as filed by Miss Maxwell in full, and ordered that the custody of the minor child be placed in appellees. Thereafter appellant filed a lengthy motion for a new trial, and after a hearing thereon it was overruled and the appellant has properly prosecuted his appeal to this Court.

Appellant has brought forth 23 points of error and prays that the judgment of the trial court be reversed and rendered, awarding appellant the custody of his daughter and in the alternative that the judgment of the trial court be reversed and remanded and for other relief not necessary to mention. By appellant's first point he complains that the trial court erred to the prejudice of the appellant in basing its judgment on inadmissible evidence. In point 2 he contends that the Court erred to the prejudice of the appellant in considering and basing its judgment on the report of the Child Welfare Agency, which was hearsay. By point number 3 he contends that the Court erred to the prejudice of the appellant in basing its judgment on unsworn statements of the Welfare Worker who was not subject to cross examination, and by point number 4 he contends that the Court erred to his prejudice in basing its judgment on the report of Miss Gladyce Maxwell of the Child Welfare Agency, whose report was the result of hearsay communications and in violation of appellant's right to cross-examine the alleged witnesses. These four points are briefed together and will be so treated by us.

 Appellees, by their counterpoint, contend that it is presumed that the Court did not consider any improper evidence,

if any was heard, and if any such evidence was considered it was harmless error. We agree with appellees that ordinarily the admission of inadmissible evidence in a trial to the court without a jury does not ordinarily present reversible error, for it is presumed that the trial court disregarded all such evidence, but we cannot agree that this rule applies when it is affirmatively shown that the judgment of the trial court was based in whole or in part on inadmissible evidence. In addition to what has been said with reference to the trial court's refusing to hear further testimony and referring the matter to the Child Welfare Agency, upon the hearing of the motion for a new trial, the trial court made the following statements: "In that connection, Miss Ruth, I would like for the record to show that the Court called Miss Gladyce Maxwell into this case to help him determine where that child would be best cared for, and that I conferred with Miss Maxwell repeatedly and privately on the reports she received from the various sources, and the Court received private information from Miss Maxwell as to where the child would be best suited, and upon her advice and report and investigation, public and private, that I deem it best to award the child to the custody of Mr. and Mrs. Gandy." That portion of the Court's judgment referring to the report made to him by Miss Gladyce Maxwell is as follows: * * * And the Court, after having heard the pleadings, evidence and argument of counsel, ordered the Jefferson County Welfare Unit to make an investigation of plaintiff, plaintiff's home, the conditions and circumstances pertinent herein, and an investigation of the defendants and their home, the conditions and circumstances pertinent herein, and of the fitness of all parties and to determine which of the parties hereto would best serve the interest of the minor, by having its care, custody and control, whereupon the Court recessed and took the cause under advisement, and on the 19th day of August, 1947, Gladyce Maxwell, Supervisor of the Jefferson County Welfare Unit, filed said report herein, which said report the Court now adopts in full.

■ The action of the trial court in this connection brings this case within the rule announced in Hollingsworth v. Kohler et ux, Tex.Civ.App., 195 S.W.2d 563, 566, wherein it is stated, which statement we here adopt: "We are sure the action taken by the court below was prompted solely by a desire to do that which would result to the best interest of the child, and such zeal on the part of the court is highly commendable; but we believe he went far beyond narrow technicalities when he considered the report of the Welfare Department and based his judgment in part upon the same * * *. The litigants were further deprived of the right to examine under oath the one who made the report, the witnesses who gave the information to the investigator. They had no opportunity to determine the source of their knowledge of the facts given, or to test their credibility, their biases or prejudices or the weight to be given to such evidence. Such procedure deprives the litigant of his day in court."

■ We are aware of the rule, which is a just one, that in proceedings of this character the trial court should be unhampered by narrow technical rules. Here, as in the Hollingsworth v. Kohler, supra, case the father of the child in question was denied its custody as against its maternal aunt without knowing what evidence he had lost on, and without an opportunity of rebutting it. We are therefore of the opinion that this case must be reversed and remanded for the errors complained of in appellant's first 4 points. The trial court seems to have followed what appears to be a well recognized rule of res judicata in this character of cases which has been stated in general terms in numerous cases. We are convinced that the rule of res judicata, when urged in a child custody proceeding, does not raise that impregnable iron curtain through which no eye can see as it ordinarily does between parties involving property rights. It seems to us that the welfare of the minor child should rise above the technical rules of pleadings as well as the technical rules of evidence. For example, how would a trial court be able to determine whether the conditions had changed since the entry of a former judgment without inquiring into and ascertaining what the conditions were on the date of the former judgment? In Wilson v. Elliott, 96 Tex. 473, 73 S.W. 946, 97 Am.St.Rep. 928 our Supreme Court recognized certain exceptions to this general rule in this character of cases. It was there held that evidence of prior conduct of either party is admissible to corroborate some evidence of similar conduct which developed since the original decree. In this character of case the welfare of the minor is the paramount issue, and we feel that the trial judge should be given wide discretion in hearing any and all pertinent evidence which would shed any light on this question. Tunnell v. Reeves, Tex.Com.App., 35 S.W.2d 707. We make these remarks in view of another trial of this cause. We do not wish to be understood as holding that it is the duty of the trial court to re-try all issues that were litigated in the former proceeding.

■ We do not feel it necessary to discuss in detail the various points of error raised in appellant's brief, many of which complain of the admission of inadmissible evidence. There is nothing to indicate that the trial court based its judgment in whole or in part upon such evidence, and it will be presumed that he did not so do, except to say with reference to Point 21 wherein complaint is made of the action of the trial court in refusing to allow appellant to show that the prior order of custody in favor of the appellees was based on fraud and misrepresentation to the Court. The substance of such point is to the effect that the Social Welfare Worker, in making a report to the trial court in the first litigation, was false and was known to be false by the person making such report at the time such report was made; that it was willfully and maliciously made by such person for the purpose of depriving the appellant of the custody of his child. Such allegations we feel are controlled by the rules applicable to perjured testimony, forged instruments of writing, etc., which have been held to be insufficient, in such cases, to set aside a final judgment of the court. See Yount-Lee Oil Co. et al. v. Federal Crude Oil Co.,

et al., Tex.Civ.App., 92 S.W.2d 493. However, the Court held in Trammel v. Trammel, Tex.Civ.App., 80 S.W. 119 that where a divorce decree was tainted with fraud insofar as it awarded the custody of minor children to the husband, the doctrine of res judicata was not applicable thereto and the mother was permitted to set aside the former judgment of the Court, and recover the custody of the minor children in the same proceeding. The question of fraud perpetrated by one party as against another whereby an unjust judgment is obtained is governed by an entirely different rule than where such judgment is obtained by perjured evidence.

For the errors pointed out above, this cause is reversed and remanded for further proceedings.