W. P. AKIN et ux., Appellants,

v.

Don R. DEBERRY et al., Appellees.

No. 3361.

Court of Civil Appeals of Texas.

Waco.

May 3, 1956.

Rehearing Denied May 24, 1956.

Jesse G. Foster, Raymondville, for appellants.

Henrichson, Bates & Hall, Edinburg, for appellees.

TIREY, Justice.

This is a child custody case. The appellants, by writ of habeas corpus, sought the care and custody of their three minor grandchildren, Donna Ann DeBerry, a girl six years old, Robert Allen DeBerry, a boy four years old, and Timothy Duane De-Berry, a boy sixteen months old. From an adverse judgment they perfected their appeal to the San Antonio Court of Civil Appeals and the cause is here on transfer order entered by our Supreme Court.

The decree is assailed on what appellants allege to be six points. We think that appellants' points present substantially one point, which is to the effect that the court erred in failing to award the custody of the three children to them, because the preponderance of the evidence showed that they were the only qualified persons related to said children.

A statement is necessary.

Appellants are the maternal grandparents of the children. Testimony was tendered to the effect that Mrs. Clyde De-Berry, Sr., paternal grandmother of the children, testified to the effect that she was fifty years old and her husband was fifty-two years old; that they had a large house, with bath, and they were financially able to take care of the children, and that after the mother of the children committed suicide, her son brought the children to their home and that they had been in their home substantially all of the time until her son placed the youngest child with Mr. and Mrs. Jones for care and keeping.

Don R. DeBerry testified to the effect that although he had from time to time been drinking some, that he had not neglected the children; that after his wife's death he took the children to his mother and his mother told him that she was not able to take care of all three of the children; that he then sought the advice of Reverend Glen Edwards, his pastor, for help; that the youngest child, Timothy Duane, had to be kept in an incubator for some five weeks after his birth, and that he was some six or seven weeks old when he turned this baby over to Mr. and Mrs. Joe Mac Jones for care and keeping.

Mrs. Jones testified to the effect that she and her husband, Joe Mac Jones, had been married some eight years and they had lived in the town of Edinburg all of that time; that they had another little boy whom they adopted who was a year old on the 21st of July, 1955.

"Q. Tell the court the circumstances under which you took Timothy Duane and the position he occupies in your house? A. We had been married almost seven years and we hadn't had any children, and we waited almost two years for our adopted baby. The night of the prayer meeting, Joe Mac went to church and found out that Don DeBerry needed someone to take care of the baby. We had everything ready for a baby in our home. We had had it ready for over a year, waiting for our adopted baby, and when

we found out the baby needed a home, I told Joe Mac, I told him that I wanted to take in the baby, if he wanted to do it. We talked it over and then we called Brother Glen and told him that if nobody had taken him that we would take him. I think the prayer meeting was on a Wednesday night. On Thursday night, Don came to our house and we talked it over and we decided we would go Saturday and get the baby from the hospital. He weighed 6 lbs. 2 oz. when we got him. He was a tiny baby, and his veins stuck out all over his body. He was a very small baby, and I loved him before I even saw him, because when I found out he needed a home, I loved him. You don't know how it feels to get a baby after you have been married seven years, hoping all the time that eventually you would get one.

"Q. Are you willing to keep him in your home? A. Yes.

"Q. Has he ever lacked for anything? A. No.

"Q. Are you able, financially and otherwise, to keep him? A. I believe we are."

At the conclusion of the testimony we find this statement by the court in the Statement of Facts: "This court will refer this case to the Hidalgo County Child Welfare Agency for investigation, and pending their report, the court will make no decision till then. Meanwhile the custody of the children will remain in status quo."

Thereafter, on the 27th of October, the court entered its decree in this cause, and in the decree we find this recital:

"* * * and after having heard all of the testimony and evidence offered and adduced by the various parties and witnesses in such cause, and being well advised in the premises, and after having heard representations and argument of attorneys for both petitioners and respondents and having taken the cause

under advisement until date of entry of this order * * * the court is of the opinion that petitioners' application for a writ of habeas corpus, brought on behalf of Donna Ann De-Berry, Robert Allen DeBerry and Timothy Duane DeBerry, minors and children of respondent Don DeBerry, should be in all things denied; further, the court is of the opinion that Clyde DeBerry and Zella Elizabeth DeBerry, paternal grandparents of Donna Ann DeBerry and Robert Allen DeBerry, should be granted custody and control of such minor children until further orders of this court; further, the court is of the opinion that the respondents Joe Mac and Jeanne Evins Jones should be granted the control and custody of the minor child, Timothy Duane DeBerry, until further orders of this court, or until such children shall reach the age of 18 years, and that petitioners should have the right to visit such children, at reasonable times and under reasonable circumstances."

Thereafter appellants filed what they call an exception to the foregoing award, in which they objected to the court submitting the cause to the Child Welfare Unit of Hidalgo County. This exception was filed on November 2, 1955. The exception alleged substantially that the court was without authority to refer the matter to the Welfare Department, such exception having been grounded upon the decision of this court in Hollingsworth v. Kohler, Tex.Civ.App., 195 S.W.2d 563. Thereafter, on the 3rd of November, 1955, the court entered what he designated as a final judgment in this cause, and in this decree we find this recital:

"* * * and the court, after having heard all the testimony and evidence offered and adduced by the various parties and witnesses in said cause and argument of counsel for both sides, being of the opinion that an investigation and report by the Child Welfare Unit of Hidalgo County, Texas, as to the fitness and capabilities of the parties concerned to have custody of

the children involved would be to the best interests of said children, entered no ruling at said time but took the case under advisement and requested said investigation and report by said Child Welfare Unit of Hidalgo County, Texas, said investigation and report by said Child Welfare Unit of Hidalgo County, Texas, being duly made and filed among the papers of this cause, and after said investigation being ordered by the court but before the rendering of a final judgment in this cause, counsel for petitioners submitted a brief to the court in which he cited Hollingsworth v. Kohler [Tex. Civ.App.], 195 S.W.2d 563, to the effect that such an investigation and report was improper, and this court, being of the opinion that said ruling in said cited case is sound and meritorious, entirely ignored the investigation and report made and filed in this cause by the Child Welfare Unit of Hidalgo County, Texas, in its deliberations, and being of the opinion that the ruling in this cause should be based entirely on the testimony and evidence adduced before the court and on nothing else, and basing its opinion on such, is of the opinion that the relief prayed for in petitioners' writ of habeas corpus, brought on behalf of Donna Ann DeBerry, Robert Allen DeBerry and Timothy Duane DeBerry, minors, and children of respondent Don DeBerry, should be in all things denied; further, the court is of the opinion that respondents Clyde DeBerry, Sr., and Zella Elizabeth DeBerry, paternal grandparents of Donna Ann DeBerry and Robert Allen DeBerry, should be granted custody and control of such minor children until further orders of this court; further the court is of the opinion that the respondents Joe Mac Jones and Jeanne Evins Jones should be granted the control and custody of the minor child, Timothy Duane DeBerry until further orders of this court, or until such children shall reach the age of 18 years, and that petitioners should have the right to visit such children at reasonable times and under reasonable circumstances."

Going back to the court's action in referring the matter to the Welfare Department, we think that we should say that the rule is well settled in Texas that "when a cause is tried before the court without a jury, the admission of illegal evidence is not cause for reversal when there is sufficient legal testimony to justify the court's finding. See Schleicher v. Markward, 61 Tex. 99, point p. 102; Ferguson v. Ferguson, Tex.Com.App., 23 S.W.2d 673." See Southland Life Ins. Co. v. Greenwade, Tex.Civ.App., 143 S.W.2d 648, point p. 652, affirmed 138 Tex. 450, 159 S.W.2d 854.

In Nichols v. Nichols, Tex.Civ.App., 247 S.W.2d 143, 146 (n. r. e.) this court made this statement of the rule: "The case of Murphey v. Walker, Tex.Civ.App., 209 S.W.2d 371, holds in effect that the judgments of the trial court in child custody cases are not to be disturbed on appeal unless the award of custody is so contrary to the great preponderance of the evidence as to show an abuse of discretion. See also Wilson v. Underhill, Tex. Civ.App., 131 S.W.2d 19, and Moore v. Moore, Tex.Civ.App., 213 S.W. 949. Many cases are found under the above citations."

In Murphey v. Walker, supra [209 S.W.2d 375], we find the rule stated in this manner: "After all, the desire of either parent is not controlling in such a case but the best interest of the child is the paramount issue in such cases and the question of a minor child's custody in such a case is usually addressed to the sound discretion of the trial court, who faces the parties and the witnesses, observes their demeanor and personalities, and feels the forces, powers and influences that cannot be discerned by merely reading the record. The trial court is therefore in a better position to analyze the facts, weigh the virtues of the parties and determine what will be for the best interest of the minor child."

We have read this record very carefully and we think the foregoing statement is peculiarly applicable to the factual situation here before us. This court has been particularly impressed by the testimony of Mr. and Mrs. Jones. Mr. Jones testified in part as follows:

"Q. Will you tell the court how you came to have the custody of Timmie? A. One night, at prayer meeting, the preacher said there was a baby in the hospital that had been a premature baby and had been in pretty bad shape, but was then getting along all right, but that they needed a home for it because the mother had killed herself and the father had two other children with his mother and he was not able to take care of any more children and neither was his mother.

"Q. What then? A. We had been wanting to adopt a baby, and my wife and I talked this over and then we talked it over with the preacher, and then we talked to the father of the baby. -

"Q. When did you take possession of the baby? A. Next Saturday, it was on a Wednesday that the preacher announced that."

He further testified to the effect that he was a member of the First Baptist Church; that he had been a member since he was 12 or 13; that he was a deacon in the church; that he and his wife loved the baby like any parent would love their child; that he owned a home valued at $11,000, ¾th of it being paid for; that he had an annual salary of $6,500 and a bonus and additional money from acreage; that he was 31 years old and that he was Field Superintendent for Reising Company.

■ We find nothing in the record derogatory of the maternal grandparents and if the court had awarded the other two children to them, we would not have disturbed his award, but we are of the view that the trial court made the correct award;

and his action in so doing is in all things affirmed. Accordingly, each of appellants' so-called six points are overruled.

The judgment of the trial court is affirmed.