### Ex parte Melinda Kay McLEROY.

#### No. 5287.

Court of Civil Appeals of Texas.

El Paso.

Oct. 7, 1958.

Rehearing Denied Nov. 26, 1958.

Charles H. Winston, Warren Burnett, Odessa, for appellant.

Mike R. Mason, Odessa, for appellee.

WILLIAMS, Justice.

This action was styled "Ex parte, Melinda Kay McLeroy" and was filed by Mrs. M. H. Bryce, the paternal aunt of the said Melinda McLeroy, wherein Mrs. Bryce sought to have Melinda declared a dependent and neglected child under the authority of Article 2330, Vernon's Annotated Texas Statutes. Upon final hearing, the judge of the court found that Melinda McLeroy was a dependent and neglected child, under the age of 16, and awarded the custody to plaintiff, Mrs. Bryce, and declared that the paternal rights of the parents and Mrs. J. P. Garner, a great-aunt, were terminated. The appeal is before us without statement of facts or bills of exceptions. The transcript contains the pleadings and judgment. The judgment has several findings of fact and conclusions of law which will be stated and discussed as they become pertinent. The appellants, Sherry McLeroy Risinger, the child's mother, and Mrs. J. P. Garner, a paternal aunt, were parties to the suit and are appellants herein. Mrs. M. H. Bryce is the appellee.

Appellants assign five points of error, in substance as follows: The first two, respectively, complain that the trial court erred in considering the report and recommendations of the Ector County Child Welfare Unit, as said reports were not introduced into evidence. The third is that the 70th District Court of Ector County heard this case while "sitting as a juvenile court" and, as such, was without jurisdiction. The fourth and fifth points state that the court erred in declaring Melinda Kay McLeroy a dependent and neglected child on the sole finding that said child lacked proper parental care and guardianship.

### Points 1 and 2.

In its judgment, the court stated that the reports and recommendations of the Ector County Child Welfare Unit were considered, but that same were not introduced into evidence. In their insistence that this was error, the appellants rely

largely on Hollingsworth v. Kohler, Tex. Civ.App., 195 S.W.2d 563, and Sparks v. Gandy, Tex.Civ.App., 213 S.W.2d 559. These cases hold that where proper objection is made, the reports of a child welfare unit are not admissible; but, as stated above, this appeal is before us without statement of facts, bills of exception, findings of fact or conclusions of law, except as the latter appear in the judgment. Under such circumstances we cannot consider assignments of error relating to the admission or exclusion of evidence. Corrigan v. Heard, Tex.Civ.App., 225 S.W.2d 446; Rule 372, Texas Rules of Civil Procedure. Even if we consider these points, we do not think that either reflects error. The Hollingsworth case, supra, cites Williams v. Guynes, Tex.Civ.App., 97 S.W.2d 988, discusses it and distinguishes it. In the Williams case no objections were made to the consideration of such evidence as we have herein, nor to the fact that the judge talked to the minor child in his office, out of the presence of the attorneys, and considered such testimony. We consider that the Williams case and the authorities cited therein are ample authorities for our holding that the above points reflect no error. They are, therefore, overruled.

### Point 3.

■ The captions of the pleadings and of the judgment itself state "In the District Court of Ector County, Texas, Sitting as a Juvenile Court." Article 2338–1, section 24–A, V.A.T.S., states in part, that the district court only shall have original jurisdiction over all proceedings wherein it is sought to have a child adjudged to be a dependent and neglected child. See also: Ex parte Grimes, Tex.Civ.App., 216 S.W. 251.

There is absolutely nothing in this record to show that this case was filed in the juvenile court, as such, except the captions to the pleadings, above referred to. Appellants made no objection to the fact that plaintiffs' pleadings stated: "Sitting as a Juvenile Court." In fact, his own pleadings also so stated. All pleadings were filed with the District Clerk as they should have been. The caption of the transcript prepared by the District Clerk begins with: "At a Term of the 70th Judicial District Court of Ector County, Texas, which began in said County on the * * *." "* * * The Honorable Perry D. Pickett sitting as Judge of said Court, and at a term of the 70th Judicial District Court of Ector County, Texas * * *." All of the instruments filed herein show the endorsement of the Clerk, "In the District Court of Ector County, Texas." The citation commands Sherry McLeroy, mother of Melinda Kay McLeroy, a minor child, "to appear before the honorable District Court, 70th Judicial District of Ector County, Texas * * *". Texas Jurisprudence, Volume 8 (Supp.), section 115, page 174, states in part:

> "The designation of the court in the caption of a pleading is a mere formal part of the pleading, and an incorrect designation of court in the caption is not fundamental error."

See also: Anderson v. Welch, Tex.Civ. App., 92 S.W.2d 1121, error dismissed. The record showing no objections to these statements in the captions of the pleadings, we find that no reversible error was committed, and that the District Court of Ector County, Texas, which had jurisdiction of the matter, heard same.

### Points 4 and 5.

■ The judgment of the court, in part, is as follows:

> "that the said child is a dependent and neglected child under the age of 16 years; that Melinda Kay McLeroy is a girl born on or about January 27, 1956; that said child lacks proper parental care and guardianship and her welfare demands that her care, custody and control be placed as herein shown in this judgment."

Appellants insist that the finding of the court that said child lacks proper parental

care and guardianship, standing alone, is insufficient for the court to determine that the said child is dependent and neglected. We see no merit in this contention, because Article 2330, above referred to, states that the term, "dependent child" or "neglected child", includes several different things, one of which is, "or who has not proper parental care or guardianship."

We therefore hold that, under the state of this record, reversible error is not shown, and the judgment of the trial court is affirmed.