**ADCOCK et al. v. SCHWEIZER et al.**

No. 13645.

Court of Civil Appeals of Texas. Dallas.
Oct. 19, 1945.

Rehearing Denied Nov. 23, 1945.

Sidney E. Dawson, of Dallas, for appellants.

J. J. Fagan, of Dallas, for appellees.

BOND, Chief Justice.

This is a suit by appellants against appellees for resulting damages for "unlawfully, willfully, wantonly and maliciously" obstructing a designated roadway on and across appellees' land, alleged to be the only reasonable outlet leading from appellants' adjacent tract of land to a public road; and for injunction requiring appellees to abate the obstructions and from further molesting appellants in the free use of the roadway for ingress and egress to and from their land. The existence of such necessity as will entitle appellants to the passage is presented in appellants' pleadings, determinable upon consideration on trial of all the facts and circumstances. The roadway is specifically described as an easement of necessity, long time established by appellees' predecessors in title, and was openly, visibly, and notoriously in continuous use by the owners of both the

dominant and servient tenements, and was so used at the time each acquired title to their respective lands.

Appellees in answer, aside from a general denial, interposed special affirmative defenses: (1) Plea in bar based on a prior cause of action instituted on September 18, 1941, by appellant, R. W. Adcock, against appellee, Charles Schweizer, in which he sought the same relief as here presented. Attached to and made a part of said plea are exhibits of purported copies of the pleadings and judgment; however, not certified by the clerk of the court that rendered the judgment. The petition in the former suit described no roadway, and seeks only to abate obstructions placed in some road leading to plaintiff's property, which prevent his having ingress and egress for passage of vehicles, etc. The petition in the prior suit did not seek to establish an easement over the servient estate, or claim such easement existed either by prescription or necessity. The prayer was in effect for mandatory injunction directing, ordering, and commanding the defendant to remove all obstructions placed in the road or lane, and to allow plaintiff ingress and egress to and from his property, and for his damages resulting from such obstructions. The purported judgment recites: "That plaintiff's application for injunction be, and is in all things denied, and that judgment should be, and is hereby entered in favor of the defendant against the plaintiff". (2) Another special plea of two-year statute of limitation as a bar for recovery of damages. And (3) still another plea of an application for condemnation of a public road on and over defendants' land, pending before the Commissioners' Court of Dallas County, which, if granted, would serve appellants' purposes of the roadway as sought to be established in this suit.

In supplemental pleadings the appellants controverted appellees' special defenses and challenged the sufficiency of such pleadings as in bar of their alleged cause of action, moved the trial court to strike out such defenses and to dismiss the pleas for want of identity of causes.

In due course of trial appellants' motion to dismiss the defensive pleas in bar was first presented to the Honorable Paine Bush, Judge of the 68th District Court of Dallas County, as pretrial Judge of the District Courts of Dallas County; and, in considering the pleadings, the court entered judgment overruling appellees' pleas in bar. This pretrial judgment was never modified, or superseded by any new or other pleadings or orders of the trial court. Rule 166, Texas Rules of Civil Procedure. On trial to the merits, the controlling issues involved were by the trial court submitted to a jury without objections or exceptions, and no further special charges or issues were tendered for submission; thus the jury found that there is no "other reasonably passable way or road out of the Adcock tract of land to a public road, than the road closed by defendant Schweizer" and that plaintiff suffered the alleged specific damages in the sum of $250. Accordingly, plaintiffs moved for judgment on the verdict; also defendants moved for judgment non obstante veredicto. The trial court overruled plaintiffs' motion, sustained that of defendant, and entered judgment that plaintiffs take nothing by reason of their suit.

This appeal is without a statement of facts; hence we must assume that the several findings of the jury were the controlling issues and supported by evidence to warrant their submission; and, in absence of such statement of facts, we adopt the findings of the jury; hence cannot assume that appellees' affirmative special defenses in bar of appellants' cause of action were supported by evidence, there being no issues of the pleaded defenses given or requested; therefore such defenses were waived. Rule 279, Texas Rules of Civil Procedure, provides: "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed waived; * * *."

Indeed, various presumptions may be indulged in support of a judgment, but where the judgment claimed to be a bar of a pending suit, as in this case, does not disclose the issues upon which it was rendered, it was incumbent on the one claiming such identity of causes to prove such facts and present them on appeal by appropriate assignments. On the record here presented, no presumption can be indulged that appellees proved their affirmative defense in bar of appellants' cause of action. The purported pleadings and judgment in the prior suit do not identify the cause as being the same as here involved. "In order for a judgment in one suit to bar the bringing of a subsequent one, there must

be: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of quality in the persons or parties." 26 Tex.Jur. p. 109, § 406, and authorities cited. A judgment is not conclusive of any matter which is not such that it had of necessity to be determined by the court before judgment could have been given; and it follows from this that an issue, which was in no way material to the decision of the controversy before the court, will not be regarded as res judicata in a subsequent suit between the parties. Such a judgment is not conclusive of any matter that has to be inferred from its rendition, since certainty as to the precise matter adjudicated is of the essence of estoppel. In this case it does not clearly appear that the issues, set up by appellees as the basis of a claim of estoppel, were in fact determined by the prior judgment. It cannot be determined from the pleadings that appellants asserted the same cause of action as here presented; and, unless it could be shown from facts that the issues of defense in this suit were in fact determined by the prior judgment, the matter was open to subsequent action.

It will be observed that in the prior suit urged as res judicata by appellees, appellant R. W. Adcock sought only an abatement of certain obstructions placed in some roadway, which deprived him of roadway privileges. He claimed no legal right therein to ingress and egress to and from his land; and if such right was asserted, which is not clear in pleading or judgment, some evidence should have been brought forward to show such was the nature of the suit. It cannot be said that a presumption could be indulged to establish the fact that such judgment forecloses appellants in this subsequent suit, in which they seek a continuing use of an easement by necessity on and over a specifically designated way which was not involved in the former suit.

On the record, we are of the opinion that the trial court erred in sustaining appellees' motion for judgment non obstante veredicto, and rendering judgment against appellants; therefore, following the procedure promulgated by the Supreme Court, McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442; Universal Life & Acc. Ins. Co. v. Shaw, 139 Tex. 434, 163 S.W.2d 376, the judgment is reversed and case remanded to the trial court with instructions to enter judgment for appellants nunc pro tunc on the verdict of the jury that they have and recover of the defendant Charles Schweizer an easement of necessity along the line described in plaintiffs' petition; that said defendant, his agents, representatives and tenants be enjoined from interfering with appellants' free and unobstructed use of said easement and passway; and that plaintiffs do have and recover of the defendants damages in the sum of $250 with 6 per cent interest from date of judgment, as found by the jury, and all costs of suit.

Reversed and remanded with instructions.