Frank REINA et ux., Appellants,

v.

STATE of Texas, Appellee.

No. 14316.

Court of Civil Appeals of Texas.

Houston.

April 2, 1964.

Rehearing Denied April 23, 1964.

Robert A. Scardino, Houston, for appellants.

No brief filed for appellee.

COLEMAN, Justice.

This is an appeal from the judgment of the Court of Domestic Relations of Harris County, Texas, reaffirming, and refusing, to set aside, its previous judgment declaring

Deborah Musil a dependent and neglected child.

■ Appellant, Hattie Mae Reina, the mother of said child, was absent from Harris County when the proceedings were held culminating in a judgment declaring the minor child to be dependent and neglected and terminating the parental rights of her parents. While no citation was served on appellant, the decree entered was valid since Article 2332, Vernon's Ann. Civ.St., provides that a citation shall not issue when it appears from the petition that the parents do not reside in the county in which the petition is filed. De Witt v. Brooks, 143 Tex. 122, 182 S.W.2d 687, cert. den. 65 S.Ct. 1196, 325 U.S. 862, 89 L.Ed. 1983.

■ In such event, however, either parent may demand a full hearing in a subsequent proceeding on the issue of whether sufficient facts existed to authorize the entry of the judgment finding the child to be a dependent child. Hull v. Hull, Tex.Civ. App., 332 S.W.2d 758; Broome v. Edna Gladney Home, Tex.Civ.App., 295 S.W.2d 266.

■ The judgment appealed from recites that evidence was heard. There is no statement of facts before us and no findings of fact were requested of or filed by the trial court. On this appeal, in support of the judgment of the trial court, therefore, we must presume that the evidence before him on the second trial was sufficient to support an implied finding that the minor child was in fact a dependent and neglected child, as defined by Article 2330, V.A.C.S., on and before January 24, 1962, the date of the first trial. Saylor Chevrolet Co. v. Ellis, Tex.Civ.App., 336 S.W.2d 798; Weber v. Hesse Envelope Co., Tex.Civ. App., 342 S.W.2d 652; Gossett v. Local Union No. 185, Tex.Civ.App., 361 S.W.2d 957.

The judgment of the trial court is affirmed.