Kay **LEDDON** et vir, Appellants,

v.

Joseph C. **HERMAN** et ux., Appellees.

No. 16704.

Court of Civil Appeals of Texas.

Fort Worth.

April 8, 1966.

Rehearing Denied May 6, 1966.

Clyde, Hines & Craig, and Al Clyde, Fort Worth, for appellants.

Mays & Mays and Richard E. Johnson, Fort Worth, for appellees.

MASSEY, Chief Justice.

The appeal is from judgment rendered upon a full hearing on a petition in the nature of a Bill of Review in which appellants attacked two former judgments. Said former judgments were: (1) No. J–7167, of March 26, 1964, decreeing that baby girl Ragsdale was a dependent and neglected child; and (2) No. 34,890–C, of July 2, 1964, decreeing adoption by the appellees of the same child. Additionally, appellants sought to have a change of custody of the child from appellees to themselves. Appel-

lant Kay Leddon was the natural mother of the child.

We reverse the judgment of the trial court. In part said judgment is rendered; in part remanded.

The child in question was born March 25, 1964. Prior to the time the child was born arrangements had been made (and contracted in so far as was permitted) for the care and maintenance of the natural mother to be undertaken by the appellees, the hospital and delivery expenses paid, etc., with assured care for the child from the appellees as prospective adoptive parents who were to take the child immediately after its birth. All things were done and performed by the appellees according to their agreement. They received the child from the hospital and have subsequently had custody at all times.

It is to be remembered that the case is one where individuals purported to act, and at no stage of the transaction and proceedings was any Licensed Child Placement Agency interested or involved. We have had occasion to note the hazards present when prospective adoptive parents seek to secure a baby by a transaction of such character. See Hendricks v. Curry, 389 S. W.2d 181 (Fort Worth Civ.App., 1965). Our judgment in this case was reversed. In reversing the judgment of this court in that case the Supreme Court clarified the law applicable to questions involved in this case. In our opinion application to the instant case of the principles of law therein stated compel our judgment here. See Hendricks v. Curry, Tex., 401 S.W.2d 796.

The day after baby girl Ragsdale was born the attorney representing the appellees went to the hospital where the natural mother was confined after having been delivered of her baby. There he had an instrument labeled "Consent to Adoption" executed before a Notary Public. In addition to the language of the instrument certifying her consent to adoption of her baby, the further language appears: " *  *  *

and hereby agree that said child may be declared dependent and neglected by any Court of competent jurisdiction and hereby waive service of any notice thereof and enter this as my personal appearance therein."

It is to be noticed that the "Petition to Declare Minor Dependent and Neglected", (and judgment of March 26, 1964 based thereon) was filed the same day the "Consent to Adoption" instrument was executed by the natural mother. However, said petition was not filed at the time it was executed. Indeed, the "Consent to Adoption" was made an exhibit to the petition.

It is obvious that the decree of adoption was entered prior to the expiration of the six (6) month period usual in such cases. It is immaterial to our consideration, however, for it is undisputed that the natural mother had withdrawn her consent to the adoption of her child prior to the date of such judgment, of which all parties (save the Court) had notice.

Promptly after the natural mother discovered such adoption she brought suit. By then she was a married woman, and her husband joined her as party plaintiff. It was pursuant to the hearing thereof (following necessary consolidation or transfers in the courts so as to enable that full hearing requisite in such cases) that a judgment was rendered on April 12, 1965, from which the instant appeal was taken.

The judgment of March 26, 1964, decreeing the child to be a "dependent child", was voidable. This was because no acceptance of service, waiver, or issuance, nor service of process made prior to the institution of the suit will support a judgment by default, and the purported "waiver" and consent to the entry of such a decree executed on the same date by the mother (and made a part of the petition) was made prior to the institution of the suit. 46 Tex. Jur.2d, p. 371 "Process and Notices", § 47, "—Time of waiver or acceptance"; Vernon's Ann.Tex.Civ.St. Title 43, "Dependent, Neglected Child", Art. 2332, "Citation";

cases in 21A Texas Digest, Infants ⬯16.7 "—Notice".

Of course, in instances of adoption predicated upon written consent from the natural parent or parents of the child sought to be adopted, such consent can be withdrawn at any time before an adoption decree is entered. It is a legal right which is reserved though the natural parent delivers up the possession and custody of a child to prospective adoptive parents and executes a consent to adopt the child. Hendricks v. Curry, supra, and cases therein cited. In the instant case the consent to adopt had been withdrawn prior to entry of the decree of adoption. Therefore the decree was voidable. The petition for adoption was predicated, according to its terms, upon the consent to adopt executed by the natural mother. No other ground was stated. The judgment which was entered on April 12, 1965 did not purport to decree anew any adoption of the child, but rather recited a confirmation of the adoption which had been earlier decreed. See generally V.A.T.S. Title 3, "Adoption", Art. 46a, "Proceedings for adoption, hearing and rights of adopted child".

The original judgment decreeing that baby girl Ragsdale was a "dependent child", followed the language of the petition (of appellees' attorney as the individual seeking the adjudication) and, as stated therein, gave reasons for its entry. They were that said child—at that time—was (1) dependent upon the public for support, (2) destitute, (3) homeless, (4) abandoned, or (5) had not proper parental care or guardianship. V.A.T.S. Art. 2330 et. seq. See also this court's opinion in Hendricks v. Curry in 389 S.W.2d 181.

The evidence showed that as of the time the "dependency" petition was filed and judgment was rendered no basis existed for declaring that the conditions, or any of them, existed. Therefore no proper occasion existed for entry of the decree declaring the child to be a "dependent child". It was formerly this court's opinion that

the test of "abandonment" as a ground for the entry of such a decree would be one whereby it was to be determined whether the natural mother might be treated as having "abandoned" her child and our conclusion was that conditions analogous to those existent in this case warranted the conclusion that there had been an "abandonment". See this court's opinion in Hendricks v. Curry. However, it was held by the Supreme Court in the same case (401 S.W.2d 796) that in the determination of whether a child is an "abandoned" child within the meaning of Article 2330 the question would be whether such a natural mother, by her wilful act or course of conduct may be said to have evidenced a conscious disregard or indifference to her child in respect to the parental obligation that she, as the parent, owes to such child. No act or course of conduct by the natural mother in the instant case could justify a conclusion that she evidenced a conscious disregard or indifference to her child born March 25, 1964 in respect to its care, support, and general welfare.

■ The natural mother was not estopped by having executed the instrument denominated "Consent to Adoption", containing the language relative to a dependency action in a "Court of Competent Jurisdiction". That suit had not been filed at the time she executed the instrument, and the language of the instrument contained no request of the natural mother endorsed upon the petition filed in the court that the child be declared a "dependent child", as contemplated by V.A.T.S. Art. 2332. See Broome v. Edna Gladney Home, 295 S.W. 2d 266 (Fort Worth Civ.App., 1956, no writ hist.). Her "consent" to the entry of a decree to such effect could not be construed as a "request" for such by any instrument the provisions of which she was fully aware and in which she had intelligently joined.

That part of the judgment in Cause No. J-7167 which adjudicates the minor girl to be a dependent child and terminates the parental rights of appellant Kay Leddon must be vacated. When it is vacated, there remains no legal basis for the judgment of adoption in Cause No. 34,890-C inasmuch as Mrs. Leddon withdrew her consent to adoption before the judgment was rendered and entered.

■ Only the issue of custody remains for our disposition. The legal right to custody was in its mother on both March 26, 1964 and July 2, 1964; but the mother voluntarily surrendered possession and actual custody on March 26, 1964. By her pleadings she sought to regain possession of her daughter. Under a long line of decisions by the Supreme Court, jurisdiction of the trial court was thus invoked to decide whether the child's welfare and best interests would be served by restoring possession and actual custody to the mother, the legal custodian, or by awarding both legal and actual custody to the appellees. See cases cited in the Supreme Court opinion in Hendricks v. Curry. After a full hearing on March 2, 1965, the trial court awarded full custody of the child, legal and actual, permanently, to the appellees, and thereafter made extensive findings of fact to support a legal conclusion that the best interests of the child would be served thereby.

■ We have held that the trial court erred in adjudicating the minor girl to be a dependent child. Texas Rules of Civil Procedure 434 directs that judgments not be reversed by this court for harmless errors, and provides: " * * * and if it appear to the court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error." The issues of dependency and custody are severable. The trial court made ultimate fact findings to the effect that at all times, including the date of the trial from which the appeal was taken, it was to the best interests of the child that its custody remain with the appellees. In the

**516**

findings it seems clear that in deciding the custody issue the court gave great weight to its conclusion that one or all the prerequisites for an adjudication that the child was a "dependent" child existed at the time such had been originally decreed. We have hereinabove held that such conclusion is not supported by evidence. Under these circumstances we are not authorized to sever the issues before the trial court in relation to Cause No. J–7167 and affirm the judgment of custody.

We therefore reverse and render judgment as same stood before the trial court in relation to Cause No. 34,890–C, and confirmed below relative to adoption. Judgment is here rendered denying the petition of appellees, Joseph C. Herman and his wife, to adopt the child of Mrs. Leddon. In other respects (relative to Cause No. J–7167) the judgment of the trial court is reversed and the cause remanded with directions to vacate the judgment declaring the child to be a dependent child and terminating the parental rights of Mrs. Leddon, and to render judgment denying that relief,—with a new trial to be held of the change of custody issue raised by the pleadings.