Carlyeen HARRELL, Appellant,

v.

H. M. HARRELL, Sr., et ux., Appellees.

No. 94.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

April 24, 1968.

Rehearing Denied May 22, 1968.

Frederick W. Robinson, Houston, for appellant.

Joe H. Reynolds, Stanley B. Binion, Reynolds, White, Allen & Cook, John M. Robinson, Houston, for appellees.

Majority Opinion

TUNKS, Chief Justice.

This appeal relates to a controversy between a mother, Carlyeen Harrell, and grandparents, Mr. and Mrs. H. M. Harrell, Sr., the parents of the father, Clayton M. Harrell, Sr., over the custody of two children. The two children in question are boys, one having been born in 1960 and the other in 1961. The proceeding is the most recent of a protracted series of judicial proceedings beginning in 1963. Discussion of the questions here involved requires that the history of this litigation be set forth in some detail.

On June 26, 1963, in Cause No. 72887, in the Court of Domestic Relations of Nueces County, Texas, Carlyeen Harrell, appellant here, was granted a divorce from Clayton M. Harrell, Sr., and was awarded the care, custody and control of the subject children.

In October, 1963, the appellant left the children with the paternal grandparents, appellees, and took an extended overseas trip, apparently a vacation trip. While she was gone, on November 22, 1963, the grandparents filed a petition in the Court of Domestic Relations No. 4, Harris County, Texas, sitting as Juvenile Court, seeking an adjudication of the dependency and an order placing the custody of the two children in the petitioning grandparents. This petition recited that the father of the children joined therein, but he did not sign the petition and nothing else in the record confirms his joinder. On December 6, 1963, judgment was rendered by the juve-

nile court adjudging the children dependent, terminating the parental rights of the mother and awarding custody to the paternal grandparents. The court further, for some unexplained reason, ordered "that the childrens' residence shall be maintained in Harris County, Texas." The decree is silent as to any disposition of the parental rights of the childrens' father.

On May 4, 1964, Carlyeen Harrell, filed Cause No. 643,314 in the Court of Domestic Relations No. 4 of Harris County, Texas. The petition there filed is designated "Petition for Habeas Corpus." It alleges that the two children are "illegally confined and restrained of their liberty" by the grandparents *"because"* the grandparents "fraudulently conspired to have subject minors declared dependent and neglected children;" that the grandparents encouraged her (the mother) to take the overseas trip and said that they would take care of the children while she was gone; that the grandparents have "refused to permit her to have custody of her children and have taken the said minors by force and violence against the express desires and wishes of the petitioner;" that the grandparents "are unfit to have the care and custody of the said minors;" that she, the petitioner, "is the mother of said minors; and the petitioner is a person lawfully entitled to the custody of said minors *because* in Cause No. 72887, Carlyeen Harrell v. Clayton M. Harrell, Sr., in the Court of Domestic Relations in Nueces County, Texas, on June 26, 1963, petitioner was awarded the care, custody and control of said minors by a judgment of said court, duly rendered and entered, *and such judgment is still · in full force and effect and has not been altered or changed by said court or otherwise*; and that under the terms and conditions of said judgment the petitioner is entitled to the custody of said minors." (Emphasis ours).

The petitioner further alleged:

"On or about November 29, 1963, after respondents had conspired to have petitioner take her trip, the respondents caused a Petition to be filed in Cause No. 12,670, In Re: Clayton M. Harrell, Jr. and Byron Harrell, In the Court of Domestic Relations No. 4 of Harris County, Texas, to have the subject minors declared dependent and neglected children, and for grounds thereof alleged that the mother had gone to India and was not caring for her children, when respondents well knew that they were responsible for the departure of petitioner and had conspired to defraud her of her children, and thus the Judgment entered on December 6, 1963 in that cause is void for all purposes."

The prayer of that petition was as follows:

"WHEREFORE, petitioner prays that this Court grant and issue a Writ of Habeas Corpus forthwith and that the said CLAYTON M. HARRELL, JR. and BYRON HARRELL, minors, be brought without delay before this Court to the end that the said minors may be discharged from such illegal confinement and restraint and that the custody of the said CLAYTON M. HARRELL, JR. and BYRON HARRELL be re-affirmed in petitioner, their natural mother, and for such other and general relief, at law and in equity, to which this petitioner may show herself to be entitled."

The grandparents filed a reply to the petition for habeas corpus. They alleged that the children were, by the judgment of the juvenile court, on December 6, 1963, adjudged dependent; that even before the divorce of the childrens' parents they were left in the grandparents' home; on occasion the mother, too, had stayed in the grandparents' home and that when she did so she failed to give the children parental care; that they, the grandparents, did not induce the mother to take the overseas trip nor pay her expenses thereon, but rather, they paid a balance due on some household furniture whereupon the mother sold the furniture and used the proceeds of sale to

take a trip to India to study Yoga; and that a juvenile court in Florida had filed charges against the mother for failure to give proper parental care to two other children of a prior marriage pursuant to which charge those other children were placed in the care of some people named Chandler.

The grandparents prayed that the mother's petition be dismissed and for general relief.

On June 29, 1964, the Court of Domestic Relations No. 4 in Harris County, Texas, rendered judgment in this Cause No. 643,-314 on the docket of that court. The judgment recites a service, return, the production of the children before the court, the hearing of evidence from both sides and the conclusion of the court "that said Writ of Habeas Corpus should be denied." The judgment of the court then recites:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Writ of Habeas Corpus of Petitioner, Carlyeen Harrell, for the discharge of such minors from alleged illegal confinement and restraint and for custody of said minors to be re-affirmed to Petitioner, be in all things denied, to which Order the Petitioner, Carlyeen Harrell, in open Court excepted."

The mother did not appeal from this judgment.

On June 11, 1965, in Cause No. 672,717, in the Court of Domestic Relations No. 4, in Harris County, Texas, the Court rendered a decree granting the grandparents' petition for the adoption of two children. In that decree it is recited, "that the written consent of all parties required by law has been obtained."

On June 19, 1967, the judicial proceeding from which this appeal was taken was filed as a motion in Cause No. 12,670 in the Court of Domestic Relations No. 4, Harris County, Texas, sitting as Juvenile Court. That is the suit originally filed by the grandparents in 1963 seeking the adjudication of dependency. In this motion the mother alleged that the grandparents had induced her to take the overseas trip in October, 1963, and soon after she left, without any notice to her or waiver of such notice, instituted the dependency proceedings. (This is the first time, almost four years after the dependency decree, that the mother alleged that she had no notice and had not waived notice. No such allegation appears in her 1964 petition for Writ of Habeas Corpus). She further alleged that because of the lack of notice, the 1963 decree of dependency was void and that the 1965 decree of adoption was also rendered without notice to her and without her knowledge. Her prayer is that the 1963 dependency decree and the 1965 adoption decree be set aside and that she be awarded custody of the children.

The parents, by way of answer to the mother's motion to set aside, filed what is designated a plea in abatement wherein it is pleaded "that the motion to set aside judgment is in all things barred by the doctrine of res judicata in that the identical issues, involving the same parties, were raised and disposed of" in the 1964 habeas corpus proceedings. The pleading also made reference to the 1965 adoption decree. Attached to the pleading and referred to as exhibits were the 1964 petition for habeas corpus, the answer to the 1964 petition for habeas corpus, the June 29, 1964 order denying the habeas corpus petition and the 1965 adoption decree. It is to be noted that all of the exhibits were records of proceedings in the Court of Domestic Relations No. 4 in Harris County, Texas, sitting as such Domestic Relations Court, whereas the instant proceedings is one in the Court of Domestic Relations No. 4, sitting as Juvenile Court.

The only record before us is the transcript of the proceeding in the Cause No. 12,670 on the docket of the Court of Domestic Relations No. 4 in Harris County, Texas, sitting as Juvenile Court. The pleadings and orders from the Causes No. 643,341 (the habeas corpus) and No. 672,-712 (the adoption) on the docket of Court

of Domestic Relations No. 4 sitting as Domestic Relations Court are before us because they were attached as exhibits to the appellee's plea in abatement in this cause.

It is to be noted that the Honorable Arthur C. Lesher, Jr., was, at all material times, Judge of the Court of Domestic Relations No. 4 in Harris County, Texas, and signed all of the judgments and orders in question. We make particular note of the fact that, while the 1964 order denying the mother's prayer for reaffirmance of her custody in the habeas corpus proceeding recited the hearing of evidence, the statement of facts in that proceeding is not before us. Thus, the only facts we have before us are those which we are permitted to assume from the recitations in the pleadings, orders and judgments in the transcript.

One important fact question not specifically answered by the record is whether the mother did or did not have notice or waive notice of the 1963 dependency hearing. The judgment there made no recitation as to whether she did or did not have notice. In the 1964 habeas corpus proceeding, the mother did not allege that her parental rights were terminated without notice to her. The testimony in that proceeding was not transcribed. There is no admission, either in any of the pleadings or the brief which we can consider as establishing the absence of such notice. Obviously, the recitations of no notice in the appellant's motion to set aside filed in 1967, some four years later, and the recitations in her brief, do not establish this fact. However, both parties, in their briefs, treat the 1963 judgment as having been rendered to the mother and we shall so treat it in this opinion.

We are of the opinion that the controlling question in this case is the construction of the 1964 habeas corpus proceedings and the decree therein. If that was an attack on the trial court's earlier order terminating the mother's parental rights and awarding custody to the grandparents, resulting in a valid judgment overruling such attack and confirming the earlier order, then it was res judicata of the issues raised in appellant's 1967 "Motion to Set Aside Judgment." In other words, were the issues raised by appellant's "Motion to Set Aside Judgment" raised and disposed of in the 1964 habeas corpus proceeding? The majority of the court are of the opinion that that question must be answered in the affirmative. The majority of the court are further of the opinion that these children have been the innocent pawns of this bitter controversy long enough and that this litigation should be considered as having ended in a final judgment establishing for them the deserved security of a permanent custody.

In order that this opinion not be confusing as a precedent, we note that in appellant's brief and pleading it is recited that the father of these children is now deceased. We are assuming that fact to be true.

Further, we attach no significance to the fact that in this litigation the Court of Domestic Relations No. 4 in Harris County, Texas, sometimes sat as Juvenile Court and at other times as a Court of Domestic Relations. Under Articles 2338–11, 2338–11a and 2338–18, Vernon's Ann.Tex.Civ. St., the Harris County Court of Domestic Relations No. 4 was authorized to act as Juvenile Court for Harris County and the Judge of the Domestic Relations Court was authorized to sit as Judge of the Juvenile Court of Harris County when so designated by the Juvenile Board of Harris County. Either the Court of Domestic Relations No. 4 or the Juvenile Court of Harris County, Texas, had jurisdiction to render all of the decrees, judgments and orders involved in this proceeding. See Ex parte McLeroy, Tex.Civ.App., 318 S.W.2d 482, no writ hist.

The appellant argues that the 1963 dependency judgment was void because she was not served with notice. Article 2332, V.A.T.S., specifically provides

that in a dependency proceeding, citation need not be served on a parent who is at the time outside of the county wherein the proceeding is being heard. Where, as here, the parent was outside the county and is not served with notice, the judgment is not void, but is valid, subject only to the parent's right to a subsequent full hearing on the issue of dependency. DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687, denied 325 U.S. 862, 65 S.Ct. 1196, 89 L.Ed. 1983; Reina v. State, Tex.Civ.App., 377 S.W.2d 838, err. ref.; Hull v. Hull, Tex. Civ.App., 332 S.W.2d 758, no writ hist.; Broome v. Edna Gladney Home, Tex.Civ. App., 295 S.W.2d 266, no writ hist. The hearing afforded appellant in June, 1964, lent validity to the prior judgment of dependency despite the fact that the prior judgment was rendered without notice to appellant. No appeal having been perfected from the June 29, 1964 judgment, it became final under Rule 329b, Texas Rules of Civil Procedure.

■ The court's order dated June 29, 1964, does not specifically recite that the trial court's former judgment of dependency is confirmed, nor does it specifically recite that the subject children are then and there adjudged to be dependent. However, when that judgment is read in connection with the pleading of the parties, there would seem to be no doubt of its confirmation of the prior judgment of dependency. In construing a judgment in a former suit, which former judgment is alleged to be res judicata, to determine the issues involved and disposed of, the pleadings of the former suit must be considered. Davis v. First National Bank of Waco (Com.App., opinion adopted), 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1. It is apparent that appellant's "Petition for Habeas Corpus" summarized above, raised that issue of the validity of the prior adjudication of dependency and that appellees' answer to that pleading asserted the fact of dependency. Thus the issue of dependency was adjudicated by the court in 1964 and (that judgment having become final) is res judicata

as to the status of dependency as of that time.

Having held that the 1964 proceedings was directed toward setting aside the 1963 adjudication of dependency, we also hold that the 1967 pleading was directed to the same issues. The appellant's trial pleading was styled, "First Amended Motion to Set Aside Judgment." It's allegations as to the basis for the invalidity of the 1963 judgment of dependency are quite similar to those set out in the 1964 "Petition for Habeas Corpus," except that she, for the first time, alleged that she had no notice of the 1963 hearing. In the appellant's statement of the case in its brief, this suit is designated as follows:

"This is an appeal from the Juvenile Court of Harris County, Texas, the Honorable Arthur Lesher, presiding, wherein appellant seeks to set aside prior judgments of the same court declaring the subject children dependent, denying appellant's application for writ of Habeas Corpus and permitting adoption of the children by appellees."

It is true that appellant alleged in general terms that there had been a change in condition since the 1964 judgment, the only change alleged being in the fact that she established a permanent home in Florida and was in an improved financial condition. But her prayer was, "That the judgment of this court entered in this cause on December 6, 1963, and the decree of adoption entered in Cause No. 672,717, by the Court of Domestic Relations No. 4 of Harris County, Texas, on June 11, 1965, be set aside and held for naught and that she be forthwith awarded actual custody of" the children in question.

■ We realize the fact that an adjudication as to custody of a child is res judicata only as to the facts and conditions existing as of the date of the adjudication and does not bar a subsequent petition for change of custody if there has been a significant change of conditions relating to

the welfare of the child. We believe that a fair construction of the pleading of the appellant, however, requires that this case be considered an attack on prior judgments and not an attempt to change custody because of changed conditions.

In Ogletree v. Crates (Tex.Sup. Ct.), 363 S.W.2d 431, the following facts were involved: Parents were divorced in Alabama in 1957. The mother made an agreement, approved by the court, that the father have custody of a son, subject to the mother's right of visitation during the period of June 15 to August 15 of each year. In 1960, the father and son having moved to Harris County, the mother filed suit in the Court of Domestic Relations of Harris County, seeking a change of custody because of changed conditions. The relief sought was denied. In 1961, the mother obtained possession for the two-month visitation period between June 15 and August 15. At the end of that period, she refused to return the child to the father. The father filed a habeas corpus proceeding in Aransas County where the mother and child resided. The mother, by cross action, sought to set aside the Alabama decree and to recover custody. Her attack on the Alabama judgment was on the allegation that her agreement therein as to custody was obtained through duress and fraud. The district court rendered judgment for the mother and the Court of Civil Appeals affirmed. The Supreme Court reversed and rendered the judgment for the father holding both the Alabama judgment and the judgment of the Harris County Court of Domestic Relations to be res judicata barring the recovery sought by the mother in her cross action. The court said, "The rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former trial, as well as those which were actually tried."

In a statement of the law as to res judicata in child custody matters, and the poli-cy behind such law, the court further said, at page 436:

"There may be a technical distinction between a suit to obtain custody and possession of a minor child through modification of a final judgment and a suit to obtain custody and possession of the child by setting aside a final judgment, but the broad cause of action and the relief sought in both suits are the same. The suit in each instance tests the rights of the parties to custody of the child and the only pertinent inquiry is the best interests of the child. As a matter of public policy there should be a high degree of stability in the home and surroundings of a young child, and, in the absence of materially changed conditions, the disturbing influence of constant relitigation should be discouraged. Once a final judgment of custody is rendered, a subsequent suit to modify or to avoid the judgment should be res judicata of all causes of action which, with diligence, could have been asserted in the suit as a basis for obtaining custody and possession of the child.

"The wisdom of the rule can be no better illustrated than by the history of the struggle for this child's custody. On two occasions, in Birmingham in 1958 and in Houston in 1960, Mrs. Ogletree has affirmed the validity of the 1957 judgment of the Alabama court and sought its modification. Now, in a third suit, she seeks to assert the invalidity of the judgment on the basis of facts fully known to her when the two prior suits were filed and tried. There should be an end to litigation of this type. We hold that respondents' effort to set aside the 1957 judgment of the Alabama Circuit Court on the ground that Mrs. Crates' signature to the agreement made the basis of that judgment was procured by duress and fraud is barred by the rule of res judicata."

We are of the opinion that the validity of the 1963 judgment holding the children

dependent and terminating the appellant's parental rights was adjudicated and became final in the 1964 Habeas Corpus proceeding. If we are in error in the conclusion, certain it was a cause of action which "with diligence, could have been asserted" in that suit and, in accordance with the above authority, the 1964 judgment is res judicata of the issues involved in this proceeding. See also Texas Employers Ins. Co. v. Rampy (Tex.Sup.Ct.), 392 S.W.2d 350; Vance v. Wilson (Tex.Sup.Ct.), 382 S.W.2d 107.

■ Appellant points out that the pleadings filed by appellees show that when she left for her overseas trip, she made ample provisions for the care of the children because she left them in the care of the grandparents—the appellees. In her brief appellant says, "Therefore, there were no pleadings to sustain the dependency judgment and it is fundamentally erroneous and void." In Hendricks v. Curry (Tex. Sup.Ct.), 401 S.W.2d 796, it was held that a parent could not be held to have abandoned a child by delivery of its possession to proposed adoptive parents. If this were a direct appeal from the 1964 judgment of the trial and if the record showed that the trial court had based its judgment terminating the mother's care upon the conclusion that she abandoned it when she left it with the grandparents, the Hendricks case would be controlling. This is not an appeal from the 1964 judgment. That judgment became final because there was no appeal. When the mother filed the habeas corpus petition and the children were brought before the court, the court acquired jurisdiction over them. Herrera v. Herrera (Tex.Sup.Ct.), 409 S.W.2d 395. As we have held above, the judgment was not void. We have no transcript of the testimony. No findings of fact and conclusions of law were requested or made. Even if this were a timely appeal from the 1964 judgment, there is nothing in the record which would permit us to hold that the trial court abused its discretion in refusing to set aside this 1963 judgment adjudicat-

ing the children dependent and terminating the mother's parental rights. Herrera v. Herrera, supra; DeWitt v. Brooks, supra; Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787; McLean v. Lewis, Tex.Civ.App., 376 S.W.2d 428, err. ref., n.r.e.

What we have said concerning the validity of the trial court's judgment of the dependency and termination of the mother's parental rights disposes of the question as to the validity of the June 11, 1965 adoption decree. Since the mother's parental rights had been terminated, her consent to the adoption was not necessary. Article 46a, Sec. 6, V.A.T.S.

The judgment of the trial court sustaining the appellees' plea of res judicata is affirmed.

Affirmed.

### Dissenting Opinion

BARRON, Justice.

I respectfully dissent.

This is an appeal from the Juvenile Court of Harris County, Texas, wherein appellant, Carlyeen Harrell, seeks to set aside prior judgments of the same court declaring the subject children dependent and neglected and granting an adoption of the children to their grandparents, Mr. and Mrs. H. M. Harrell, Sr. Appellant also seeks custody of the children. The trial court sustained appellees' plea in abatement and dismissed appellant's first amended motion to set aside judgments. Thus this appeal. The natural mother of the children, Carlyeen Harrell, movant below, is appellant. Mr. and Mrs. Harrell, the grandparents of the subject children, respondents below, are appellees.

The children made the subject of this suit are the issue of appellant and Clayton M. Harrell, Sr., appellees' deceased son. Appellant and Clayton M. Harrell, Sr., were divorced in 1963, at which time appellant was awarded custody, care and control of the children by the Court of Do-

mestic Relations of Nueces County, Texas. For many months prior to the divorce and since the divorce, the minor children, Clayton M. Harrell, Jr. and Byron Harrell, have been living in the home of the grandparents and as appellees allege, "either abandoned or pursuant to court order." This status has continued to date.

There is no statement of facts in the record, and the rights of the parties must be determined from their allegations and admissions contained in the various pleadings and orders in the transcripts.

Appellant's allegations show that soon after the above divorce, the grandparents, Mr. and Mrs. Harrell, induced Carlyeen Harrell to take a trip around the world, paying her transportation expenses therefor and promising to take care of her boys during her absence. Appellant departed on the trip on October 16, 1963, and soon after her departure, on November 29, 1963, appellees instituted dependency and neglect proceedings in the Juvenile Court of Harris County, the court granting the petition and awarding the custody of the minors to appellees and terminating the parental rights of appellant on December 6, 1963, in Cause No. 12,670. Appellant had no notice of the proceedings.

In their petition for dependency and neglect, appellees alleged, under oath, the following facts which they claim constitute dependency and neglect as defined in Article 2330, V.A.T.S.:

"That said children now reside with petitioners at 5 Courtland Place, Houston, Harris County, Texas."

* * * * * *

"That immediately after custody of the children was awarded to her, 'the said Carlyeen Harrell left said children at the residence of petitioners. That said children have remained in the home of petitioners.' "

* * * * * *

"That the mother of said children has left said children at the petitioners' home, is now in India, and she has made no effort to provide a home or care for said children."

The trial court, pursuant thereto, signed and entered a judgment dated December 6, 1963, in which it is stated that the children appeared by and through their duly appointed guardian ad litem, that the mother of the children was in India, and that the court "finds that the allegations in said petition are true; * * * that said children are dependent and neglected children under sixteen (16) years of age; * * * that since on or about July 1, 1963, the children, Clayton M. Harrell, Jr. and Byron Harrell, have been residing in the home of petitioners where they were left by the mother Carlyeen Harrell, immediately after the care and custody of said children were awarded to her in Cause No. 72,887, in the Domestic Relations Court of Nueces County, Texas * * * that Carlyeen Harrell left said children at petitioners and is now in India, and she has made no effort to provide a home or care for said children." The court then proceeded to declare the children dependent and neglected and to place custody in the grandparents, the appellees.

Throughout the record, by allegations of appellant and appellees, it is claimed and admitted that the children had for many months since appellant's divorce in Nueces County, been living with the grandparents in a good and sufficient home in Houston, Texas, and had been provided for in a suitable manner, in fact in such a satisfactory manner that the trial court permitted it to continue by granting the grandparents custody. No party, in fact, claims anything to the contrary so far as the residence, care of the children and suitability of appellees' home is concerned, and the fact that the children had lived there and were welcomed at all times since the divorce is not disputed. See Lashbrook v. Altum, 391 S.W.2d 549 (Tex.Civ.App.), no writ.

The statute defining a dependent or neglected child, Art. 2330, V.A.T.S., and the

decisions of the courts of this State, have made it clear enough that the above facts, which the court found to be true, cannot warrant or justify a dependency and neglect action against children so situated and which severs the parental rights of parents and places permanent custody in someone else. Regardless of what the facts in the dependency hearing may have been, the trial court could not have made a valid adjudication of dependency and neglect by finding the facts alleged in the petition to be true. The trial court made specific findings in its judgment contrary to a valid dependency and neglect judgment. In Hendricks v. Curry, 401 S.W.2d 796 (Tex.Sup.), the court said:

"The statute does not provide that a child is dependent and neglected when it is not provided proper care by its parents. If it did, we would have a different problem. 'Parental care' may be provided by persons who occupy a parental position in the life of a child, either permanently or temporarily. Even the word 'parent' when used in a statute is sometimes interpreted to include one who merely occupies the position of a parent."

The Supreme Court in the Curry case above held that where it was not proven that children were actually dependent upon the public for support, destitute, homeless, abandoned or had not proper parental care, no occasion exists for adjudication by a court of dependency and neglect. See Leddon v. Herman, 402 S.W.2d 512 (Tex. Civ.App.), no writ; Gaston v. Gaston, 371 S.W.2d 707 (Tex.Civ.App.), writ ref., n.r. e.; Rosson v. DeArman, 323 S.W.2d 75 (Tex.Civ.App.), writ ref., n.r.e.; Pettit v. Engelking, 260 S.W.2d 613, 618 (Tex.Civ. App.), writ ref., n.r.e. Small children may not be declared dependent and neglected for the sole purpose of facilitating adoption proceedings. The children must, in fact, be dependent and neglected at the time the proceedings are instituted or be in imminent danger of so becoming in the immediate future. This was not the case here, and under the pleadings and the trial

court's own fact findings, the judgment of December 6, 1963, is fundamentally erroneous on the face of the record, and I would accordingly vacate it. A judgment must conform to the pleadings, and if it fails to do so, it is fundamentally erroneous. City of Fort Worth v. Gause, 129 Tex. 25, 101 S.W.2d 221, 223 (Tex.Com. App.), opinion adopted; Williams v. Sinclair-Prairie Oil Co., 135 S.W.2d 211, 216 (Tex.Civ.App.), writ dismd., judg. corr.; Moszkowicz v. A. B. Lewis Co., 268 S.W. 2d 548, 551 (Tex.Civ.App.), writ ref., n.r. e.; 33 Tex.Jur.2d 65, p. 564 et seq.; 4 McDonald, Texas Civil Practice, Sec. 17.-27, p. 1397. Similar judgments in similar form have been held to be void. Ex parte Yelton, 298 S.W.2d 285 (Tex.Civ.App.), no writ. Especially is the above rule true in a case of this type where the drastic and harsh remedy of declaring children dependent and neglected without notice is involved. The unfitness and derelictions of the parent constituting dependency and neglect should clearly appear. See Poss v. Anderson, 188 S.W.2d 726 (Tex.Civ.App.), writ ref., w.m.; Martin v. Cameron County Child Welfare Unit, 326 S.W.2d 31, 36 (Tex.Civ.App.), writ ref., n.r.e. (160 Tex. 274, 329 S.W.2d 83). Appellees contend that the pleadings support the judgment of the Juvenile Court. We are referred to Rule 67, T.R.C.P., involving trial of issues by express or implied consent. Of course, appellant could not have agreed. But the trial court in its judgment specifically found that the written, sworn pleadings were true, and made specific findings that the children had been residing with permission in the home of the petitioners where they were left by the mother. The judgment contradicts the express pleadings and specific findings of the court. See Eubanks v. Akers, 197 S.W.2d 370, 371 (Tex. Civ.App.), no writ. Reina v. State, 377 S. W.2d 838 (Tex.Civ.App.), writ ref., is not in point. There the trial court made no findings. Pleadings negativing the right of the trial court to enter the judgment are not referred to or did not exist. Children cannot legally be dependent and neglected

when they are being amply provided for and are living in a suitable home with their grandparents, who are making every effort to retain custody and control of the children to continue their status.

What appellees apparently rely on to show dependency is abandonment. But the children have since the divorce of appellant and her husband been well taken care of, and there can be no voluntary abandonment as a matter of law under the facts of this case. See Hendricks v. Curry, supra, 401 S.W.2d p. 801; Gaston v. Gaston, supra, 371 S.W.2d p. 711.

Appellees contend, however, that subsequent to the dependency and neglect proceedings which took place in 1963, the appellant instituted in 1964 a proceeding in the same court seeking to regain custody of her children by petition for writ of habeas corpus. It is contended that such suit and the court's judgment in that case validated or confirmed the dependency and neglect case and that appellees' plea of res judicata in the present case forever bars an attack upon the original dependency judgment. Appellant, on March 4, 1964, filed suit against appellees for custody of her children and alleged that she sought their custody, and that appellees had conspired to defraud her of her children's custody.

In the 1964 habeas corpus suit the appellant, Carlyeen Harrell, alleged as follows:

"While maintaining a friendly and family relationship with petitioner and her two minor children, the respondents encouraged petitioner to take a trip to India, and bought air tickets on Pan American Airways for petitioner to go to India. Petitioner did not leave Houston until on or about October 16, 1963. The Respondents (Mr. and Mrs. Harrell, the grandparents) encouraged her to take this trip and said that they would care for her two children while she was gone. Upon petitioner's return to the United States, respondents refused to permit her to have custody of her children and have

taken the said minors by force and violence against the express desires and wishes of petitioner, and the said respondents, who are now restraining the said minors, are *unfit to have the care and custody of said minors*; that petitioner is the mother of said minors, and the petitioner is a person lawfully entitled to the custody of said minors because in Cause No. 72,887, Carlyeen Harrell vs. Clayton M. Harrell, Sr., in the Court of Domestic Relations in Nueces County, Texas, on June 26, 1963, petitioner was awarded the care, custody and control of said minors by a judgment of said court, duly rendered and entered, and such judgment is still in full force and effect and has not been altered or changed by said Court or otherwise, and that under the terms and conditions of said judgment the petitioner is entitled to the custody of said minors."

In a separate paragraph, the appellant, Carlyeen Harrell, alleged that the dependency and neglect judgment of December 6, 1963 was void for all purposes. In appellant's prayer in the 1964 suit, she alleged that the minor children should be released from said illegal confinement and restraint, and that the *custody* of the said children be re-affirmed in Carlyeen Harrell, their natural mother, and she prayed for general relief.

The trial court, pursuant thereto, entered its judgment on June 29, 1964, and ordered and decreed that the "writ of habeas corpus of Petitioner, Carlyeen Harrell, for the discharge of such minors from alleged illegal confinement and restraint and for custody of said minors to be re-affirmed to Petitioner, be in all things denied. * * *" No findings of fact were made by the court.

When a dependency judgment is entered without notice, the natural parent is entitled to a hearing to determine whether the facts were sufficient to authorize the entry of the judgment. DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687; Gunn v. Cavanaugh, 391 S.W.2d 723 (Tex.Sup.). The

pleadings of appellees show that there were no such facts. The matter of custody of the children was pleaded by appellant as essentially the sole ultimate result sought in the habeas corpus proceeding though she did allege separately that the dependency judgment of 1963 was void. The trial court in the 1964 suit had the power to grant custody to the grandparents or to appellant mother as the childrens' welfare demanded regardless of the dependency and neglect judgment. Davis v. Collins, 147 Tex. 418, 216 S.W.2d 807, 811. Appellees in their answer to the habeas corpus suit in 1964 repeated the same facts which necessarily show the dependency order to be erroneous or void as they did in 1963.

In a suit of the nature of appellant's present action, where a mother is trying to regain her parental rights and custody and control of her natural children, I believe that all intendments and presumptions must be ruled in favor of the mother and the children. This is true especially under the facts of this case. Under the judgment in the 1964 suit, there is nothing included therein which requires that the judgment, "actually and necessarily litigated matters which were essential to a judgment," pertaining to the validity of the dependency and neglect judgment of 1963. It is clear to me that the 1964 judgment could have been, and probably was, based upon the inherent power of the court to place custody in the persons it thought best suited at the time for award of custody of the children. Whenever the necessity arises for determining which of the two contending persons is entitled to custody of the children, the trial court might require the children to be brought before it on a writ of habeas corpus to determine not only whether the children are being improperly detained, but also which of the parties should have custody and control. 30 Tex.Jur.2d, Sec. 17, p. 676, and cases cited; 1 Speer's Marital Rights in Texas (4th Ed.), Sec. 117, p. 162 et seq.; Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Herrera v. Herrera, 409 S.W.2d 395 (Tex.Sup.); Knollhoff v. Norris, 152

Tex. 231, 256 S.W.2d 79. The 1964 judgment of the trial court did not specify what ground or theory it pursued. The judgment was general. And I assume that the judgment was based upon the court's inherent power to place custody at that time according to the best interests of the two children involved. When a mother sues for custody of her natural children, it must be assumed that the judgment is based upon a power which would not forever destroy her parental right to custody. And in cases involving the vital and crucial right to minor children, strict construction in favor of the natural mother and children seems to be required, and no presumptions against them should be indulged. See and compare Jones v. Willson, 285 S.W.2d 877 (Tex.Civ.App.), writ ref., n.r.e.; Stinson v. Rasco, 316 S.W.2d 900, 905 (Tex.Civ.App.), no writ; 1 Tex. Jur.2d, Sec. 24, p. 706.

In almost all of the authority involving res judicata and estoppel by judgment, I find substantially the following rule:

"It is * * * equally well settled that an issue of fact *necessary for a determination of issues in a prior case,* and a judgment entered therein, creates an estoppel by judgment against relitigation of the same issue." Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242, 246.

And in the case of Landa v. Isern, 141 Tex. 455, 174 S.W.2d 310, 312, *it is said:*

"* * * the judgment in that suit estops the Iserns only as to those issues *actually and necessarily litigated* there which are essential to a judgment here."

Texas authorities are clear to me that actual determination and litigation of appropriate issues is *necessary* if a plea of res judicata or estoppel by judgment is to be applied. State v. O'Connor, 96 Tex. 492, 74 S.W. 899 (96 Tex. 484, 73 S.W. 1041); Davis v. First Nat. Bank of Waco, 139 Tex. 36, 161 S.W.2d 467, 472, 144 A. L.R. 1; Landa v. Isern, 141 Tex. 455, 174 S.W.2d 310; Grimes v. Maynard, 270 S.

W.2d 282, 285 (Tex.Civ.App.), writ ref.; Withers v. Republic Nat. Bank of Dallas, 248 S.W.2d 271, 282 (Tex.Civ.App.), writ ref., n.r.e.; Buckley v. Atlantic Refining Co., 146 S.W.2d 1082 (Tex.Civ.App.), writ dismd., judg. corr.; Auto Refinance Corp. v. Biggs, 62 S.W.2d 211 (Tex.Civ.App.), no writ; Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526; First Nat. Bank of Bryan v. White, 91 S. W.2d 1120 (Tex.Civ.App.), writ dismd., w. o.j. And see 30A Am.Jur., Sec. 377, p. 425; 50 C.J.S. Judgments §§ 724 and 725, p. 211 et seq.; 2 Freeman on Judgments (5th Ed.), Sec. 675, p. 1424; 34 Tex.Jur. 2d, Sec. 552, p. 658. See also Trotter v. Pollan, 311 S.W.2d 723 (Tex.Civ.App.), writ ref., n.r.e.; Butler, Williams & Jones v. Goodrich, 306 S.W.2d 798, 805 (Tex. Civ.App.), writ ref., n.r.e.; 34 Tex.Jur.2d, Sec. 529, p. 613; James v. James, 81 Tex. 373, 16 S.W. 1087, 1089; Adcock v. Schweizer, 190 S.W.2d 705 (Tex.Civ.App.), rev'd on other grounds, 145 Tex. 64, 194 S.W.2d 549.

The issues of custody and dependency are severable. Hendricks v. Curry, supra; Leddon v. Herman, supra. I believe they are severable here, and that the trial court did not necessarily pass on the dependency and neglect issues in its 1964 judgment. This is true in this case even though the issue was contained in appellant's pleadings as a separate count. See 50 C.J.S. Judgments § 725, p. 214.

The pleadings of appellant in the 1964 suit being sufficient to invoke the powers of the trial court in its general jurisdiction to award custody to the best suited custodian for the paramount interests of the children, it is impossible to determine which ground the trial court applied, and I must assume that the ground favorable to appellant's present case were applied. There is nothing in the 1964 judgment to indicate otherwise. The judgment could well have been based upon grounds other than an adjudication of the validity of the dependency and neglect judgment of 1963. Moreover, the 1964 suit, according to the plead-ings and the admissions of the appellees, could not have actually given validity to the original dependency judgment which was fundamentally erroneous or void on its face. From the date of the dependency judgment on December 6, 1963, it would have been impossible for any change in grounds or different facts to have occurred to justify the judgment, and appellees' 1964 pleadings stated no grounds which could have validated the 1963 judgment. Appellees were bound by the adverse admissions contained in their 1964 pleadings in my opinion. Ross v. Orr, 214 S.W.2d 150 (Tex.Civ.App.), writ ref. The pleadings were included in the record.

It is contended that if we do not hold that the 1964 judgment validated the 1963 dependency and neglect judgment many similar judgments will be reopened and that fraud may be invited in the reopening of adoption and dependency judgments in the state. In the first place there are not many cases with this type of factual background. Secondly, if courts attempt to declare children dependent and neglected on similar facts or in similar form, such judgments are wrong and might be justifiably reopened. All it takes to rectify the problem, if any, is for the trial court to enter a valid, precise and definite judgment based upon sufficient grounds. The entry of a dependency and neglect judgment and a plainly erroneous order later procured which supposedly validates it, cannot be condoned under any circumstances. The law offers a suitable remedy only in a proper case. I would overrule appellees' contentions and give the mother a full hearing upon these matters, free and clear of any question about the correctness of the right to her children.

The appellant's allegations show that she had no notice of the adoption of her children in 1965 by Mr. and Mrs. H. M. Harrell, Sr. until appellees filed their plea in abatement on August 25, 1967, and since the basis for such adoption without notice to appellant should be held to be fundamentally and fatally defective on its face, I

would reverse the order of the trial court sustaining the plea in abatement and re-mand this case to the trial court for a full hearing on the merits. Hendricks v. Curry, supra, 401 S.W.2d p. 802; Art. 46a, Sec. 6, V.A.T.S.

I, of course, cannot pass upon the propriety of the trial court's eventual adjudication of care, custody and control of the minor children upon another hearing. Appellant has alleged changed conditions which might warrant the placing of custody of the children in her. Likewise, the appellees have alleged facts which might result in a contrary determination. That question and others should be for the trial court based upon the evidence after a full hearing. But a new trial should be had without consideration of the dependency and neglect judgment in this record on the custody issue, which judgment I would vacate, in effect, denying the petition of appellees for declaration of dependency and neglect and the severing therein of parental rights of appellant, Carlyeen Harrell.

Moreover, in any event, appellant is entitled to a hearing on the present custody rights to the children and such a hearing should have been granted. Art. 46a, Sec. 7, V.A.T.S.