Donna Marie NIXON (Barr), Appellant,

v.

Nora Lee HUMPHREY et vir., Appellees.

No. 15974.

Court of Civil Appeals of Texas, San Antonio.

April 19, 1978.

Rehearing Denied May 17, 1978.

**366**

Loyd L. Oubre, San Antonio, for appellant.

Sam C. Bashara, San Antonio, for appellees.

MURRAY, Justice.

This appeal relates to a controversy between a mother, Donna Marie Nixon, and grandparents, Mrs. Nora Lee Humphrey and husband, Richard L. Humphrey, the parents of the father, William Allen Nixon, over the custody of the minor child, Nora Alene Nixon. On June 3, 1975, plaintiff filed this suit in the nature of an equitable bill of review to set aside a judgment dated November 20, 1972, declaring the child dependent and neglected and to set aside the adoption of the child dated June 15, 1973. Plaintiff and defendants filed motions for summary judgment, and on September 9, 1977, the trial court granted the defendants' motion for summary judgment and plaintiff has perfected an appeal to this Court.

The original action sought to be set aside was instituted under Tex.Rev.Civ.Stat.Ann. art. 2330 (1971), to declare Nora Alene Nixon, daughter of plaintiff, dependent and neglected. Citation was by publication and, although plaintiff was named in the petition, the citation was faulty in that it failed to name plaintiff as a party. In the adoption proceedings, the plaintiff was personally served with citation and filed an answer pro se requesting, among other things, that the hearing on the adoption set for April 1973 be postponed. The adoption was postponed to June 15, 1973, and plaintiff was notified of such setting on April 23, 1973. On June 15, 1973, the plaintiff failed to appear at the hearing for the adoption and judgment was entered granting the adoption and no appeal was perfected and said judgment became final.

■ It is the plaintiff's contention, and we agree, that where parents are without notice of the proceedings wherein the child is adjudged to be dependent and neglected and custody awarded to others, the parents must be allowed a full hearing in a subsequent proceeding on the issue of whether sufficient facts existed as to authorize entry of judgment of dependency. *DeWitt v. Brooks,* 143 Tex. 122, 182 S.W.2d 687 (1944). In the case of *Hull v. Hull,* 332 S.W.2d 758, at page 761 (Tex.Civ.App.—San Antonio 1960, no writ), the court states:

However, it is well settled that where the parents are without notice of the proceeding they must be allowed a full hearing in a subsequent proceeding on the issue of whether sufficient facts existed to authorize the entry of the judgment of dependency.

See also *Armstrong v. Manzo,* 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).

■ The plaintiff argues that the 1972 dependency judgment was void because she was not properly served with citation. We disagree. Tex.Rev.Civ.Stat.Ann. art. 2332 (1971) specifically provides that in a dependency proceeding, citation need not be served on a parent that is at the time outside of the county where the proceeding is being heard. Where, as here, the plaintiff was outside the county and is not served with notice, the judgment is not void, but is valid, subject only to the parents' right to a subsequent full hearing on issue of dependency. *DeWitt v. Brooks, supra; Harrell v. Harrell,* 428 S.W.2d 370 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.).

■ We are of the opinion that the controlling question in this case is the construction of the June 15, 1973, decree of adoption. The validity of the dependency judgment was an issue in the adoption proceeding. Plaintiff was personally served in the adoption proceedings and filed an answer therein and had known for many months that the defendants were relying on the validity of the dependency judgment. By her own admission, she knew of the adoption decree and failed to perfect an appeal therefrom. The issue of dependency was adjudicated by the court in the adoption proceedings and is res judicata as to the status of dependency as of that time.

*Harrell v. Harrell, supra,* is a case similar to this one. In *Harrell,* a bill of review was filed by a mother contesting the legitimacy of a prior dependency hearing and the subsequent adoption of her child. The mother was not served with citation in the dependency hearing. However, between the judgment in the dependency case and the commencement of the adoption proceedings, the mother had filed an instrument entitled "Petition for Habeas Corpus." That suit was resolved adversely to the mother with a recitation by the court in its judgment that the minor was not being illegally detained. No appeal was taken from that judgment and it became final. The court held that the Habeas Corpus proceeding was an adequate forum from which the mother could have asserted her rights and defenses without the shifting of the burden of proof and that the final judgment rendered therein was thus res judicata on the issue of validity of the dependency proceedings.

■ As previously stated, this is an equitable bill of review. The law is well established that before recourse can be had to the bill of review, the plaintiff must show that she was prevented from procuring the relief in the former suit through fraud, accident or the wrongful acts of the adverse party and this must not be tainted with any negligence of the plaintiff. *Smith v. Ferrell,* 44 S.W.2d 962 (Tex.Comm'n App. 1932, opinion adopted). The summary judgment proof in this case consisting of, among other things, the deposition of the plaintiff, establishes as a matter of law that the defendants were not guilty of fraud or any wrongful act in the previous litigation. Plaintiff's main contention in her pleadings and in her deposition appear to be that she was too poor to employ an attorney to represent her. In the present case, the plaintiff had notice by personal service, and an opportunity afforded to defend the suit. We know of no decision holding that a judgment could be set aside after the losing party had lost her right of appeal simply because she was too poor to employ counsel. If the judgment of courts are to be set aside, and new trials granted on such grounds as these, there would, indeed, never be an end to litigation.

The judgment of the trial court is affirmed.